## Wytheville.

### H. F. BERNHARD v. REX O. JONES, NORTHSIDE REALTY CORPORATION, AND OTHERS.

June 18, 1931.

Present, Prentis, C. J., and Campbell, Holt, Gregory and Browning, JJ.

The opinion states the case.

*T. O. Campbell* and *Robt. T. Winston,* for the appellant.

*Horace H. Edwards* and *John B. Welsh,* for the appellees.

GREGORY, J., delivered the opinion of the court.

The appellant's original bill in this cause was dismissed upon a hearing of the bill and a plea of accord and satisfaction which had been filed by the defendants. The appellant later filed an amended and supplemental bill, and upon the hearing on a demurrer which was interposed by Collins, Abernathy and Donahue, arbitrators, and new defendants brought in by the amended and supplemental bill, it too, was dismissed. We are now asked to review this action of the trial court.

Jones was engaged in the construction of a number of houses in Richmond. The appellant was employed to furnish the materials and labor and to perform the tile work in the houses and his work was partially completed. For the work already done there was due the appellant $1,108.00, which Jones could not pay because of financial difficulties. Apellant then filed a mechanic's lien against all of the property and

afterwards Jones conveyed all of the property on which the liens had been filed to the Northside Realty Corporation.

A short time afterwards the appellant, along with all of the other creditors of Jones, entered into a contract with Jones whereby it was mutually agreed that if Jones, or some one for him, would deposit in the West End Bank the sum of $16,-500.00, to be later disbursed and paid to the creditors in accordance with certain terms in the contract, then they (all of the creditors of Jones, including the appellant) would accept the same in full satisfaction of their claims against Jones and they further agreed that the said sum so deposited should be in full payment and release of their respective evidences of debt, including each and all liens which the creditors had for the security of their debts, and that the property would at once be released from any and all liens and other claims whatsoever.

The three persons named in the contract as arbitrators were given the power to determine the respective claims and priorities of the creditors and to disburse the money, which was deposited in bank ratably among the creditors according to the terms of the contract.

Long after the money had been deposited in bank and after the arbitrators had begun the work of adjusting and determining the claims of the various creditors, the appellant attempted to withdraw from the contract and proceeded to enforce his mechanic's lien, which had been previously filed, by instituting the present suit.

When the original bill was filed against Jones and the Northside Realty Corporation, defendants, they filed a plea of accord and satisfaction, setting up the contract above referred to, as a bar to the suit.

The court after hearing the parties entered a decree dismissing the bill, but impressed the fund deposited in bank with a lien in favor of the appellant as security for his debt.

Later on, but at the same term the decree referred to was entered, Ruffin & Payne. Inc., and A'. L. Davis, trading as

Church Hill Wall Paper Company, two of the creditors of Jones, filed their petition to rehear so much of the decree as established a lien in favor of the appellant on the fund in bank and to declare that whatever interest, right or claim which the appellant may have in relation to the fund deposited in bank be limited and subject to the provisions and conditions of the contract entered into between the appellant and all of the other parties. The petitioners claimed that, inasmuch as the appellant had entered into the agreement, his rights and interest in the fund were limited and defined by the terms of the agreement, and that to impress the fund with a lien in his favor would be to nullify the agreement, so far as he was concerned, and permit him to receive a preference over the other creditors of the same class, which was not authorized or permitted under the contract.

The court modified the decree in accordance with the prayer of the petition and set aside that portion of it which impressed the fund with a lien in favor of the appellant.

Later the appellant filed another bill which purports to be a general creditors' bill, he suing on behalf of himself and any other creditors who may come in and contribute to the cost of the suit. Jones, the Northside Realty Corporation and the three arbitrators were named as defendants.

After reciting all of the previous proceedings the appellant asks that he be decreed a lien on the balance of the fund in the hands of the arbitrators. The arbitrators demurred to the bill, assigning various grounds, and upon a hearing upon the bill and the demurrer the court sustained the demurrer and dismissed the bill.

The determinate point in the case is whether or not the appellant had the right to withdraw from the contract referred to.

The other questions raised in the case become immaterial, as we think the appellant was bound by the contract and had no right to withdraw therefrom.

The numerous authorities cited by the appellant, hold-

ing as a general rule, at common law, that a party to an arbitration agreement has the right to withdraw from the agreement before an award is made, have no application to this case. The principle of law applied in some jurisdictions, that parties cannot, by agreement, oust the courts of jurisdiction granted them by law, and cannot debar themselves from appealing to the courts, likewise does not apply to this case.

The contract in question fixed and transferred valuable rights from the property to the fund. In it, claims, demands, and the right to mechanic's liens were released as to the property. The creditors by the contract agreed to take less than the full amount for the satisfaction of their claims. These things constituted its primary purpose. As a secondary consideration they agreed that the three arbitrators should establish the demands of the creditors, fix their priorities and disburse the fund ratably, as determined in the contract, among the creditors. The dominant purpose of the contract was performed by the parties when they released their claims and liens on the property and the $16,500.00 was placed on deposit in bank by Jones or some one for him. After this had been done and the arbitrators had begun their work of settling the claims of the respective parties, the appellant then had no right to withdraw from the contract and proceed to enforce the very mechanic's lien which he had expressly waived and released by the terms of the contract.

Under the terms of the contract, the appellant and other creditors of Jones mutually agreed that the arbitrators should establish the amount of their respective claims and value them according to an appraisal of the respective properties before the fund should be disbursed. This condition and others found in the contract conclusively demonstrate that it was not intended that any creditor should receive any portion of the $16,500.00 until these conditions and terms were complied with. They constituted conditions precedent to his right of action. When these conditions have been performed, no doubt,

the appellant can then maintain his action to recover his distributive share after his claim has been valued and appraised by the arbitrators in accordance with the contract. In other words, when his share has been established by the arbitrators, under the terms of the contract, he can then bring his action to recover it, if necessary.

In *Big Vein Pocahontas Co.* v. *Browning,* 137 Va., p. 34, 120 S. E. 247, is found a full discussion of the question of the right of a party to an arbitration agreement to withdraw. There it is laid down as a general rule that "where they (the arbitrators) are required to pass upon the ultimate liability of the parties" their authority may be revoked at any time before an award is made. On page 47 of the report of that case (137 Va., 120 S. E. 247, 251) is this statement of a well known exception to the general rule: "This general rule is subject to an exception, namely, that the parties may, by contract, lawfully make the decision of the arbitrators a condition precedent to a right of action on the contract. In such case, until the decision is made, the courts have no jurisdiction of the case and, therefore, cannot be said to be ousted of their jurisdiction. *Condon* v. *South Side R. Co.,* 14 Gratt. (55 Va.) 302."

The contract in the instant case, by its express terms, made the findings of the arbitrators a condition precedent, to the right of any party to the contract, to bring any action or suit based thereon. This case clearly falls within the exception above set forth in the case of *Big Vein Pocahontas Co.* v. *Browning, supra.*

The contract in the instant case was more than an agreement to arbitrate. Valuable rights passed under it and it would be manifestly unjust and unfair to the other creditors of Jones, who understood that all creditors would have their claims valued and appraised by the arbitrators, if the appellant could now revoke his solemn agreement and prosecute his suit and recover his entire claim out of the $16,500.00 fund, which fund was produced by the very contract he now seekes to re-

pudiate, all to the detriment of the other creditors, who in good faith signed the contract agreeing to receive in satisfaction of their claims amounts less than their face value.

If appellant is allowed to evade the conditions imposed by the contract, he should not be permitted to share in the fund created by it. If he is to share in the benefits conferred by the contract, he must abide by its conditions.

We find no error in the decree complained of and it is affirmed.

*Affirmed*