### RADIATOR SPECIALTY CO. v. CANNON MILLS, Inc., et al.
### No. 4299.

Circuit Court of Appeals, Fourth Circuit.
June 6, 1938.

Brock Barkley, of Charlotte, N. C. (I. T. Cohen, of Charlotte, N. C., on the brief), for appellant.

John M. Robinson, of Charlotte, N. C. (Hunter M. Jones, of Charlotte, N. C., on the brief), for appellees.

Before NORTHCOTT and SOPER, Circuit Judges, and HAYES, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law instituted in October, 1936, in the District Court of the United States for the Western District of North Carolina, at Charlotte, by Cannon Mills, Inc., a New York Corporation, and Manetta Mills, a South Carolina Corporation, here referred to as the plaintiffs, against Radiator Specialty Company, a North Carolina Corporation, here referred to as the defendant.

The object of the action was to recover the sum of $4,340.00, with interest, a balance alleged to be due from the defendant as purchaser of twenty thousand blankets, sold it, under a written contract, by the Cannon Mills as agents for Manetta Mills, the manufacturers of the blankets. The defendant filed an answer and also set up a counterclaim for $58,812.60 for alleged defects in the blankets. After the pleadings were made up the cause was set down for trial on April 13, 1937. On March 27, 1937, defendant filed a written motion for a continuance, which motion was granted by the court below on condition that the cause would be set down for trial as the first case to be tried at the next ensuing term of court at Charlotte, in October, 1937.

Upon call of the case in October, 1937, both sides having prepared for trial, without any previous notice to the plaintiffs the defendant moved for a stay of the trial in accordance with Section 3 of "The United States Arbitration Act," 9 U.S.C.A. § 3, 43 Stat. 883, alleging that the written contract under which the blankets were sold contained a provision that in the event

any differences should arise the matters would be settled by arbitration. This motion was denied by the court and a trial was had before a jury which returned a verdict in favor of the plaintiffs. On this verdict a judgment was entered for the full amount claimed, and the defendant brought this appeal.

The sole question involved is whether the trial court erred in refusing to grant a stay of the trial as moved for by the defendant.

The arbitration statute in question reads as follows:

"Stay of proceedings where issue therein referable to arbitration. If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

■■ Arbitration laws are passed to expedite and facilitate the settlement of disputes and avoid the delay caused by litigation. It was never intended that these laws should be used as a means of furthering and extending delays. Under the statute above quoted, it is clearly the intention of Congress to provide that the party seeking to enforce arbitration can do so only when not guilty of dilatoriness or delay. One having the right to arbitrate and to stay an action at law, pending arbitration under this statute, may waive such right. La Nacional Platanera, S. C. L., v. North American Fruit & Steamship Corporation, 5 Cir., 84 F.2d 881.

■ Here when the plaintiffs chose to ignore the arbitration clause in the sales contract the defendant did not immediately, as was its duty if it intended to rely on the arbitration clause, assert its intention to enforce the arbitration; on the contrary, the defendant appeared and filed an answer to the complaint and set up a counterclaim for a large sum as damages claimed to be due to defects in the goods purchased. More than three months after this was done the defendant appeared and filed a written motion for continuance on the ground that a material witness was absent and upon showing the continuance was granted. It was only after the expiration of another six months, and on the day expressly agreed on as the day when the trial should be had, that the defendant, without giving notice, filed its motion to stay the trial pending arbitration, which it then sought to enforce.

By its course the defendant waived its right under the arbitration clause in the contract and was in default in proceeding with arbitration. In the case of Zimmerman v. Cohen, 236 N.Y. 15, 139 N.E. 764, will be found a discussion of a similar state of facts, there the court said (page 765):

"The plaintiffs by bringing the action ignored this provision of the contract; they made no reference to it in their complaint. The defendant under the provisions of the Arbitration Law could have applied to the court to enforce arbitration and to stay all proceedings in the action. Instead of doing so, the defendant answered. * * *

"The defendant even went further and asked relief of the court by setting up a counterclaim and demanding judgment against the plaintiffs in a large sum. * *

* * * * * *

"Upon these facts, whatever right the defendant may have had under his contract and the Arbitration Law to enforce arbitration he deliberately waived; he chose and elected to proceed by an action in court for the determination of the respective claims. While the Arbitration Law provides for the enforcement of arbitration agreements, there is nothing in the law which prevents the parties agreeing between themselves to resort to any other method of settlement; the law does not bar the parties to the contract from coming into the courts of the state if they mutually choose to do so. * * *"

■ The trial judge is vested with discretion to refuse to stay the action if he is of the opinion that the party seeking arbitration is in default. La Nacional Platanera, S. C. L., v. North American Fruit & Steamship Corporation, supra. ·

By setting up a counterclaim for damages the defendant not only submitted to the jurisdiction of the court where the cause was pending, but expressly invoked that jurisdiction.

The cases relied upon on behalf of the defendant are all cases in which there was no dilatoriness or unexplained delay on the part of the party seeking arbitration and are not controlling.

There was no error in the trial and the judgment of the court below is accordingly affirmed.

Affirmed.