**CARGO CARRIERS, Inc. v. ERIE & ST. LAWRENCE CORP. et al.**

**THE ROBERT B. FIERTZ.**

No. 2218.

United States District Court
W. D. New York.

Feb. 28, 1952.

William M. Connelly, Buffalo, N. Y., and Atkins & Weymar, New York City, for libelant.

Richards & Coffey, Buffalo, N. Y., and Dow & Symmers, New York City, proctors for respondents.

Dudley, Stowe & Sawyer, Buffalo, N. Y., proctors for petitioner Jarka Corp. of Philadelphia (Roy P. Ohlin and John T. Elfvin, Buffalo, N. Y., of counsel).

KNIGHT, Chief Judge.

Two motions in this action are before the Court, each returnable at the same hour, on January 28, 1952, one made by respondent Erie & St. Lawrence Corp. to sustain its exceptions to the petition of respondent Jarka Corp. of Philadelphia, and the other by libelant for an order vacating or modifying the order of April 25, 1951, granting a stay of the trial of this action against respondents Erie & St. Lawrence Corp. and the M. S. Robert B. Fiertz, her engines, etc., and all proceedings against them until arbitration has been had pursuant to said order.

This Court filed an opinion April 19, 1951, which determined the motion for a stay and granted the stay contained in the order dated and filed April 25, 1951.

The original libel was against Erie & St. Lawrence Corp. and M. S. Robert B. Fiertz. No answer has been filed in behalf of the original respondents, but on March 22, 1951, they filed notice of motion for an order granting a stay of trial and all proceedings against them "until arbitration has been had in accordance with the terms of the agreement between the libelant and respondents." The stay was subsequently granted. Four days after the filing of the notice of motion (March 26, 1951) libelant filed an amended libel bringing in the respondent The Jarka Corporation and on

March 28, 1951, a second amended libel was filed by libelant bringing in the respondent Jarka Corporation of Philadelphia. On October 10, 1951, libelant obtained and filed an order that the action be "discontinued against The Jarka Corporation only."

The respondent Jarka Corporation of Philadelphia, by its proctors, appeared in the action on October 30, 1951, and, with the filing of its answer on December 27, 1951, filed a petition under 56th Admiralty Rule, 28 U.S.C.A., "That process in due form of law issue against Respondent-Impleaded, Erie & St. Lawrence Corporation, citing it to appear and answer under oath all and singular the matters set forth herein, and that this Court dismiss the Second Amended Libel and complaint as against Petitioner with costs and hold Respondent-Impleaded liable for any and all damages that Libellant may be entitled to recover herein, * * *."

Although the caption of the "Coastwise Charter Party (F I O)" here involved does not contain the name of the charterer, yet that defect has been disregarded in the libel and its amendments and libelant relies on the agreement as binding.

Respondent Erie & St. Lawrence Corporation then apparently not in default, on March 22, 1951, filed its notice of motion for stay of trial pending arbitration of a "dispute" within the meaning of the term as used in Clause 34 of the agreement. The stay, as above noted, was granted by order of this Court dated and filed April 25, 1951.

█ The Arbitration Act, Title 9, U.S. C.A. § 1 et seq., July 30, 1947, c. 392, 61 Stat. 669, provides the mechanics necessary for the determination and enforcement of agreements to arbitrate. The libelant by the libel cast its die for an action triable by a Court and thereby waived the contract provision for arbitration. La Nacional Platanera v. North American F. & S. S. Corp., 5 Cir., 84 F.2d 881. The respondents in the original libel sought and obtained on April 25, 1951, a stay of trial until arbitration was had. Fortified with a stay of trial and with the implements at hand under the Arbitration Act to enforce an arbitration, the respondents Erie & St. Lawrence Corp. and the motor vessel Robert B. Fiertz, her engines, etc., have neglected and delayed their use. Upon the argument of the present motions information from counsel as to what had been done with respect to arbitration resulted in the reply that libelant would not name for itself or agree to proposed arbitrators. The response indicates a desire of the original respondents to delay the trial.

Other respondents having been made parties since the filing of the motion for the stay of trial and one of such respondents Jarka Corp. of Philadelphia, not affected by the stay, having answered, the situation has become somewhat complicated. The answering respondent has petitioned this Court under 56th Admiralty Rule to implead Erie & St. Lawrence Corporation and to dismiss the libel and its amendments to which petition the respondent Erie & St. Lawrence Corporation has filed exceptions.

█ The very purpose of the Arbitration Act was to expedite and facilitate the settlement of disputes. However, the right to arbitrate and to stay the trial of an action may be waived. Such a waiver may be accomplished by dilatory conduct or delay. Radiator Specialty Co. v. Cannon Mills, Inc., 4 Cir., 97 F.2d 318, 117 A.L.R. 299.

█ Inasmuch as respondent Erie & St. Lawrence Corporation has failed by its inaction, for nearly a year, to proceed to enforcement of the arbitration and that further delay is apparent, this Court feels that in the interest of expedition and that a terminal may be reached, the law suit should promptly be tried. The exceptions of the respondent Erie & St. Lawrence Corporation to the petition of the respondent Jarka Corp. of Philadelphia should be denied, the demand in said petition for dismissal of the second amended libel and complaint is denied, and the motion of libelant to vacate the order of this Court herein dated and filed April 25, 1951, should be granted.

The exceptions of respondent Erie & St. Lawrence Corporation to the petition of respondent Jarka Corporation of Philadelphia are denied; the demand of respondent Jarka Corp. of Philadelphia in said petition that this Court dismiss the second

amended libel and complaint and hold respondent Erie & St. Lawrence Corporation liable to it for any and all damages that Cargo Carriers, Inc. may recover in this action is denied; motion of libelant Cargo Carriers, Inc. to vacate the order of this Court herein dated and filed April 25, 1951, is granted, and the respondent Erie & St. Lawrence Corporation shall have twenty days within which to answer.