**LOCAL 205, UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA (UE)**

v.

**GENERAL ELECTRIC COMPANY.**

Civ. A. No. 54-993-A.

United States District Court, D. Massachusetts.

March 28, 1955.

Allan R. Rosenberg, Boston, Mass., for plaintiff.

Francis J. Vaas, Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is a motion to strike claims for equitable relief in a suit brought under § 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185. The relief requested is specific enforcement of the arbitration provisions of a collective bargaining contract. Thus I am asked to review the decision of Judge Wyzanski in Textile Workers Union v. American Thread Co., D.C.D.Mass., 113 F.Supp. 137. This is a duty not lightly

to be undertaken, but the arguments presented seem sufficiently persuasive to warrant such consideration. Certain implications of American Thread have not found uniform acceptance. Of greater importance, so far as I am concerned, the Court of Appeals has since had occasion to pass on one aspect of equitable jurisdiction under § 301(a), W. L. Mead, Inc., v. International Brotherhood, etc., 1 Cir., 217 F.2d 6, affirming my disclaimer of jurisdiction to enjoin a strike in violation of a collective bargaining contract, D.C., 125 F.Supp. 331.

In the Mead opinion I cited American Thread as authority for the belief that § 301(a) gives the court some equity powers if the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., does not interfere. As I read the decision of the Court of Appeals, the now material difference between that court and myself was that it was more cautious than I was with respect to that dictum. And while it did not criticize American Thread, neither could it be said that it gave it even oblique approval.

The substance of the decision of the Court of Appeals in Mead is summarized, 217 F.2d at page 9, in the following two sentences,

"Nowhere in the section [§ 301] is it expressly provided that the terms of the Norris-LaGuardia Act shall not be applicable to suits for violation of collective bargaining agreements; and § 301 contains no provisions necessarily inconsistent with the terms of the earlier Act. * * * It is an accepted canon of construction that repeals by implication are not favored."

The omitted portion of the opinion between those two sentences, and the Mead decision itself, indicates to me that the court felt American Thread could be considered sound only if the injunctive power there recognized was not contrary to the provisions of the Norris-LaGuardia Act, without the benefit of any implied repeal by the Labor Management Act.

The questions, therefore, are, does the Norris-LaGuardia Act forbid injunctions to enforce arbitration agreements, and, if it does not, in the light of the Norris-LaGuardia Act, does § 301(a) by implication confer jurisdiction for such enforcement?

■ There can be no doubt that the refusal to arbitrate the interpretation and application of a wage rate, and of a discharge, although an alleged breach of a collective bargaining agreement, constitutes a labor dispute. W. L. Mead v. International Brotherhood, supra. With certain specific exceptions the Norris-LaGuardia Act in terms forbids injunctions in all labor disputes. Arbitration is not one of the stated exceptions. At the same time, however, it must be recognized that when the Norris-LaGuardia Act was enacted compulsory arbitration was an unavailable remedy,[1] and logically could scarcely be expected to be included in the list of exceptions. It is also to be noted that the act did give affirmative approval of voluntary arbitration. 29 U.S.C.A. § 108.

American Thread cites several cases on the subject of the Norris-LaGuardia Act. The first is Milk & Ice Cream Drivers & Dairy Employees v. Gillespie Milk Products Corp., 6 Cir., 203 F.2d 650. This per curiam opinion is not persuasive. In the first place it seems to suggest that § 301 gives full injunctive powers. This is contrary to Mead. Beyond that, it relies on Alco Mfg. Co., the second decision cited in American Thread, and discussed infra. American Thread's third citation is Mountain States Division No. 17, Communications Workers of America v. Mountain States T. & T. Co., D.C.D.Colo., 81 F.Supp. 397, which holds

1. Cf. Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582, assuming the Federal Arbitration Act, 9 U.S.C.A. § 1 et seq., did not apply, which no one then thought. International Union United Furniture Workers of America v. Colonial Hardwood Flooring Co., 4 Cir., 168 F.2d 33; Mercury Oil Refining Co. v. Oil Workers Int. Union, CIO, 10 Cir., 187 F.2d 980; but cf. Hoover Motor Exp. Co. v. Teamsters, Chauffeurs, etc., 6 Cir., 217 F.2d 49.

that an action to enforce a collective bargaining agreement does not involve a "labor dispute." In the light of Mead, this is no authority.

The decision in Textile Workers Union of America v. Alco Mfg. Co., D.C.M.D. N.C., 94 F.Supp. 626, principally relied on by American Thread and Gillespie, is an interesting one. There a union sought a mandatory injunction to compel an employer to recognize an award and reinstate two striking employees. In taking jurisdiction the court made two observations. One was that the requirements of the Norris-LaGuardia Act have been met. The other was that § 104 related only to injunctions against unions, and not to those sought in their favor.

■ It is difficult to perceive on the face of the opinion how the requirements of the act had been met. Indeed, in this regard the decision is reminiscent of the type of judicial erosion suffered by the Clayton Act, 15 U.S.C.A. § 12 et seq., against which loose interpretation § 101 of the Norris-LaGuardia Act seems expressly designed. The court's second observation is also questionable. Regardless of what may be said about the general purpose clause, § 102, even though the Norris-LaGuardia Act in fact proved to be and doubtless, was expected to be, of far greater use to unions than to employers, I do not believe it was intended to be a one-way street. On the contrary, in the report of the Senate Judiciary Committee Senator Norris stated quite the opposite.[2]

■■ I am forced to conclude that the plain language of the Norris-LaGuardia Act forbids the issuance of an injunction. Under the circumstances reliance on generalizations in the forms of declarations of policy which might lead me to think that Congress would have intended an exception for a situation which it does not appear that it anticipated, had it been visualized, seems to go beyond my powers. Furthermore, Congress had full opportunity to provide that exception itself when it passed the Labor Management Act, 29 U.S.C.A. § 141 et seq., if by that act it had a purpose to create injunctive remedies. Having in mind that implied revocations are not favored, I discover nothing in the act, or in its legislative history,[3] to warrant a finding that it did so. It becomes unnecessary to review the other aspects of American Thread. The motion to strike the prayer for an injunction is granted for want of jurisdiction. I do not pass on the defendant's remaining motions, since the plaintiff amended its complaint after they were heard. If it wants them considered, they should be remarked.

2. "It will be observed that this section [106], as do most all of the other prohibitive sections of the bill, applies both to organizations of labor and organizations of capital. The same rule throughout the bill, wherever it is applicable, applies both to employers and employees, and also to organizations of employers and employees." Sen.Rep. No. 163, 72d Cong., 1st sess., 19.

3. An earlier draft of the Labor Management Act expressly provided that the Norris-LaGuardia Act should be repealed in the case of actions to enforce collective bargaining agreements. § 302(e). H.R. 3020. House Rep. No. 245, 80th Cong. 1st sess. 95. This section was rejected, except for express reservations, as Senator Taft thereafter informed the Senate. Congress. Rec. June 5, 1947, 6603. See, also, Castle and Cooke Terminals v. Local 137, etc., D.C.D.Hawaii, 110 F.Supp. 247, 251.