The NEWSPAPER GUILD OF PAW-
TUCKET, Plaintiff,

v.

TIMES PUBLISHING COMPANY,
Defendant.

Civ. A. No. 1788.

United States District Court
D. Rhode Island.

May 18, 1955.

Albert J. Hoban, Providence, R. I., for plaintiff.

Edward Winslow Lincoln, Matthew W. Goring, Stephen B. Ives, Jr., Providence, R. I., for defendant.

Michaelson & Stanzler, Julius C. Michaelson, Providence, R. I., as amici curiae.

**500**

DAY, District Judge.

In this action the plaintiff, a labor organization representing certain employees of the defendant, seeks a declaratory judgment and certain injunctive relief against the defendant. Jurisdiction of this Court to hear and determine this controversy is alleged to exist under the provisions of Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185.

In its complaint the plaintiff alleges that it and the defendant are parties to a certain collective bargaining agreement effective from December 22, 1953, to December 21, 1955, which was in effect at the time of the filing of the complaint, a copy of said agreement being annexed to said complaint and made a part thereof; that in accordance with Section XIX of said agreement it gave notice in writing on February 1, 1954, to the defendant of its desire to initiate negotiations with the defendant, said section providing that at any time within 60 days after December 22, 1953, either of the parties may initiate negotiations once for the sole purpose of discussing the question as to whether there shall be a general wage increase or decrease or an increase or decrease in any or all of the minimum weekly salaries set forth in Article IV of said agreement; that such negotiations followed and that the parties hereto were unable to reach an agreement; that on October 7, 1954, the plaintiff then moved pursuant to said agreement to establish a Board of Arbitration to arbitrate the questions of whether there should be a general increase and increases in the minimum salaries provided in said agreement; that on October 13, 1954, the defendant, contrary to the provisions of said agreement, refused to select a member of said Board of Arbitration and has since continuously refused to do so. The complaint asks this Court for a declaratory judgment that the defendant is required to select a member of said Board of Arbitration and to proceed to arbitrate these questions of salary increases; and for an injunction enjoining the defendant from violating its agreement with the plaintiff and ordering it to proceed forthwith to arbitrate said questions in accordance with said agreement.

The matter is now before me for decision on the defendant's motion to dismiss or (in the alternative) for summary judgment, and upon the plaintiff's motion for summary judgment. There is no genuine issue between the parties as to any material fact alleged in the complaint. In support of its motion the defendant contends that the dispute between the parties does not present an arbitrable question under the terms of the agreement between the parties—in other words, does not present a question which the parties intended would be submitted to arbitration.

Neither of the parties has questioned the jurisdiction of this Court to compel specific performance of an agreement to arbitrate. In fact, it is clear that they have assumed that this Court has the power to do so. Apparently they have interpreted the language in my opinion in Industrial Trades Union of America v. Woonsocket Dyeing Co., Inc., D.C.D. R.I.1954, 122 F.Supp. 872, as a decision to that effect. However, I did not so find in that case. I merely stated in my opinion that *for the purpose of that case I was assuming* that where an arbitrable question under a collective bargaining agreement arises and either of the parties declines to arbitrate Section 301 of the Labor Management Relations Act of 1947 empowered this Court upon a proper showing to compel specific performance of arbitration clauses in such collective bargaining agreements. My decision in that case was based solely on the ground that in my opinion there was no question existing between the parties which was arbitrable under their agreement. It was unnecessary for me at that time to determine the most troublesome question of whether this Court under the provisions of Section 301 of the Labor Management ·Relations Act of 1947 had jurisdiction to compel specific performance of an executory agree-

ment to arbitrate labor disputes arising under a collective bargaining agreement.

It is well settled that the federal rule is in general not to compel specific performance of executory agreements to arbitrate disputes. Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582; United States Asphalt Refining Co. v. Trinidad Lake Petroleum Co., D.C.S.D.N.Y.1915, 222 F. 1006. However, specific performance of such executory agreements may be enforced when Congress has directed the federal courts to afford this relief. The Anaconda v. American Sugar Refining Co., 322 U.S. 42, 64 S.Ct. 863, 88 L.Ed. 1117.

Unless it can be said that Section 301 is a mandate to federal courts to enforce specific performance of arbitration provisions in collective bargaining agreements in proper cases, this Court lacks jurisdiction to do so.

Since the hearing on the instant motions at the conclusion of which I reserved decision, the Supreme Court has in my opinion in the case of Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 488, set forth clearly the meaning and scope to be given to said section. In that case the majority of the Court held that Section 301 was a mere procedural provision whereby Congress directed the federal district courts to treat an unincorporated labor union appearing as a litigant in a case involving a breach of a collective bargaining agreement as a natural or corporate legal person and to do so regardless of the amount in controversy or want of diversity of citizenship.

Since Section 301 is a mere procedural provision to confer on unincorporated labor unions in litigation involving breach of a collective bargaining agreement the status of a natural or corporate legal person, it cannot be said that it was intended to grant to them a remedy not available to a natural or corporate person, namely, the remedy of specific performance of arbitration clauses in collective bargaining agreements. In granting such status to an unincorporated labor union Congress did not intend to overturn the long existing rule that specific performance of agreements to arbitrate disputes arising under collective bargaining agreements could not be compelled by resort to federal courts of equity.

It is my considered opinion that this Court is without jurisdiction to grant the relief sought by the plaintiff. The motion of the plaintiff for summary judgment is denied; the motion of the defendant to dismiss is granted.