**TEXTILE WORKERS UNION OF AMERICA, CIO, Plaintiff,**

v.

**WILLIAMSPORT TEXTILE CORPORATION, Defendant.**

**Civ. A. No. 4918.**

United States District Court
Middle D. Pennsylvania.

Nov. 30, 1955.

Sidney A. Simon, Williamsport, Pa., Benjamin Wyle, Esq., General Counsel, William H. Englander, Asst. General Counsel, Textile Workers Union of America, New York City, for plaintiff.

J. T. Griffith (of Bedford, Waller, Darling & Mitchell), Wilkes-Barre, Pa., for defendant.

**JOHN W. MURPHY, Chief Judge.**

Defendant moves to dismiss plaintiff's action for lack of jurisdiction of the subject matter. The problem arises as follows:

 Relying upon § 301 of the Labor Management Relations Act of 1947, 61 Stat. 156, 29 U.S.C.A. § 185, commonly called the Taft-Hartley Act,[1] plaintiff, an unincorporated labor organization, as collective bargaining representative for and on behalf of defendant's[2] employees, engaged in an industry affecting commerce, sought to recover vacation pay for each employee. A vacation with pay is in effect additional wages; In re Willow Cafeterias, Inc., 2 Cir., 1940, 111 F. 2d 429, at page 432; In re Public Ledger, Inc., 3 Cir., 1947, 161 F.2d 762, at pages 767, 768; Division of Labor Law Enforcement, State of California v. Sampsell, 9 Cir., 1949, 172 F.2d 400, at page 402. Defendant cites and plaintiff concedes that as a result of the decision in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 1955, 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510,[3] this court does not have jurisdiction to grant the monetary relief requested.

 Notwithstanding that decision, plaintiff presses its prayer under the De-

---

1. Averring in the aggregate the requisite amount in controversy (although each individual claim was for less than one week's vacation pay) arising under the laws of the United States, 28 U.S.C.A. § 1331; diversity of citizenship, however, unless jurisdiction lies under § 301, supra, there is no diversity, 28 U.S.C.A. § 1332; that the problem arises under an Act regulating commerce, 28 U.S.C.A. § 1337.

2. A Pennsylvania corporation, dissolved prior to commencement of this action, engaged in the manufacture and sale of textile products. Many of its transactions were in, or substantially affected, interstate commerce.

3. Id., 348 U.S. at page 443, 75 S.Ct. at page 491. Mr. Justice Frankfurter joined by Mr. Justice Burton and Mr. Justice Minton, "If the section is given the meaning its language spontaneously yields, it would seem clear that all it does

is to give procedural directions to the federal courts."
Id., 348 U.S. at page 449, 75 S.Ct. at page 495. "Legislative history * * * reinforces the meaning conveyed by the statute itself as a mere procedural provision."
Id., 348 U.S. at page 460, 75 S.Ct. at page 500. " * * * no suggestion that Congress * * * intended to open the doors of the federal courts to a potential flood of grievances based upon an employer's failure to comply with terms of a collective agreement relating to compensation, terms peculiar in the individual benefit which is their subject matter and which, when violated, give a cause of action to the individual employee * * *" Id., 348 U.S. at page 461, 75 S.Ct. at page 501. " * * * Congress did not confer on the federal courts jurisdiction over a suit such as this one."
Mr. Chief Justice Warren, with whom

claratory Judgment Act, 62 Stat. 964, as amended 28 U.S.C.A. §§ 2201, 2202, for a decree interpreting the vacation pay provisions of the contract. Such relief was however there sought and denied, albeit without discussion, and see Id., 3 Cir., 1954, 210 F.2d 623, at page 630, " * * * the prayer for declaratory relief as to the meaning of this term of the collective contract must meet a like fate." [4] In accord, see International Longshoremen's & Warehousemen's Union v. Libby, McNeill & Libby, 9 Cir., 1955, 221 F.2d 225.

■■ The Declaratory Judgment Act is an enabling act which confers discretion in the court rather than an absolute right upon the litigant. It is procedural only. Aetna Life Ins. Co. v. Haworth, 1937, 300 U.S. 227, at page 240, 57 S.Ct. 461, 81 L.Ed. 617. Although enlarging the range of remedies available, it did not extend the jurisdiction of federal courts. Skelly Oil Co. v. Phillips Petroleum Co., 1950, 339 U.S. 667, at page 671, 70 S.Ct. 876, 94 L.Ed. 1194. The Act is limited in its operation to cases which would be within their jurisdiction if affirmative relief were being sought. Southern Pacific Co. v. McAdoo, 9 Cir., 1936, 82 F.2d 121; Aralac, Inc., v. Hat Corp. of America, 3 Cir., 1948, 166 F.2d 286, at pages 290, 291; Powers v. United States, 7 Cir., 1955, 218 F.2d 828, at page 829, " 'the issue must be real, the question practical and not academic and the decision must finally settle and determine the controversy.' " Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, at pages 241, 243, 73 S.Ct. 236, 240, 97 L.Ed. 291.

Mr. Justice Clark joins, concurring, Id., 348 U.S. at page 461, 75 S.Ct. at page 501, held there was not sufficient evidence to indicate that Congress intended " * * * to authorize a union to enforce in a federal court the uniquely personal right of an employee for whom it has bargained to receive compensation for services rendered his employer."

Mr. Justice Reed, concurring, Id., 348 U.S. at page 464, 75 S.Ct. at page 503, "The duty, if any there be, to pay wages to an employee arises from the individual contract between the employer and employee, not from the collective bargaining agreement. Therefore there is set out no violation of a contract between an employer and a labor organization as is required to confer jurisdiction under § 301."

4. See and cf. Id., 107 F.Supp. 692, at page 695, requisite jurisdiction found under § 301; do., American Federation of Labor v. Western Union Tel. Co., 6 Cir., 1950, 179 F.2d 535, at pages 536, 538.

See Id., 210 F.2d 623, at page 625, "Section 301(a) is a grant of federal-question jurisdiction * * *." Id., 210 F.2d at page 627, "If * * * a violation * * * it was * * * of the individual employment contract * * * there is no federal jurisdiction since Section 301(a) cannot be invoked."

5. Previously defendant moved for summary judgment contending that plaintiff's failure to comply with the contract terms as to arbitration constituted a waiver of the grievance. Plaintiff countered that by closing the plant defendant had made compliance impossible; that there was no compliance whatever with the provisions for arbitration and no waiver; that until the decision in Tenney Engineering, Inc., v. United Electrical, Radio and Machine Workers of America (U.E.) Local 437, 3 Cir., 1953, 207 F.2d 450, they were unable to seek enforcement of arbitration in this court; that commencement of suit was not a waiver of their right to seek arbitration, but see American Locomotive Co. v. Chemical Research Corp., 6 Cir., 1948, 171 F.2d 115, at page 121; Krauss Bros. Lumber Co. v. Louis Bossert & Sons, Inc., 2 Cir., 62 F.2d 1004, at page 1006; see and cf. Kulukundis Shipping Co. v. Amtorg Trading Corp., 2 Cir., 1942, 126 F.2d 978, at page 989; Turkish State Railways v. Vulcan Iron Works, D.C., 136 F.Supp. 622, filed June 8, 1955; Radiator Specialty Co. v. Cannon Mills, Inc., 4 Cir., 97 F.2d 318, 117 A.L.R. 299; Cargo Carriers, Inc., v. Erie & St. Lawrence Corp., D.C., 105 F.Supp. 638, 639. Defendant contended that under the clear unambiguous terms of the contract there was no arbitrable issue; that no employee had worked the required year and the operation terminated before the qualifying date. Plaintiff argued that they were entitled to vacation pay pro

Finally, as to plaintiff's prayer for a stay of proceedings and an order directing defendant to proceed to arbitration, 9 U.S.C.A. §§ 3, 4,[5] assuming arguendo that there was no waiver or default on plaintiff's part and that there was an arbitrable issue, the court lacks jurisdiction to grant such relief.[6]

"The United States Arbitration Act does not of itself confer independent federal jurisdiction. Sec. 4 [7] of the Act limits its application to actions over which the District Court would have jurisdiction under Title 28 except for the arbitration agreement. Sec. 4, Title 9 U.S.Code, San Carlo Opera Co. v. Conley, D.C., 72 F.Supp. 825, affirmed 2 Cir., 163 F.2d 310; Krauss Bros. Lumber Co. v. Louis Bossert & Sons, Inc., 2 Cir., 62 F. 2d 1004; Amalgamated Ass'n, etc., v. Southern Bus Lines, Inc., 5 Cir., 1951, 189 F.2d 219, 221." Mengel Co. v. Nashville Paper Products & Specialty Workers Union, 6 Cir., 221 F.2d 644, at page 648. Accord: Newspaper Guild of Pawtucket v. Times Pub. Co., D.C.R.I.1955, 131 F. Supp. 499, at page 501.[8]

Lacking jurisdiction the court has no alternative but to dismiss. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, at page 184, 56 S.Ct. 780, 80 L.Ed. 1135.

tanto since full compliance had been prevented by defendant's closing the plant.

6. Granted the distinction between § 3 and § 4; see Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 1935, 293 U.S. 449, at page 453, 55 S.Ct. 313, 79 L.Ed. 583, here the court lacks jurisdiction to grant relief under either section.

7. "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action * * * of the subject matter of a suit arising out of the controversy between the parties * * *." 9 U.S.C.A. § 4.

8. Textile Workers Union of America, CIO v. American Thread Co., D.C.Mass.1953, 113 F.Supp. 137, contra, decided prior to the Westinghouse case, supra, 348 U.S. 437, 75 S.Ct. 488, and see and cf. United Textile Workers of America, etc., v. Goodall-Sanford, Inc., D.C.Me., 1955, 131 F.Supp. 767; Local 207, United Electrical, Radio & Machine Workers of America v. Landers, Frary & Clark, D.C. Conn.1954, 119 F.Supp. 877, but see Local 205, United Electrical, Radio and Machine Workers of America (U.E.) v. General Electric Company, D.C.Mass. 1955, 129 F.Supp. 665.