271 F.2d 904
 UNITED STATES or America, for the use and benefit of
AIR-CON, INC., and L. A. Thumm, trading as
Virginia Heating Distributors, Appellants,
v.
AL-CON DEVELOPMENT CORPORATION, Hartford Accident &
Indemnity Company, and Great American Indemnity
Company, Appellees.
 No. 7924.
 United States Court of Appeals Fourth Circuit.
 Argued Oct. 22, 1959.
Decided Nov. 10, 1959.
 
 Richard H. Catlett, Jr., Richmond, Va. (Christian, Barton, Parker & Boyd, Richmond, Va., on brief), for appellants.
 William Earle White, Jr., Richmond, Va. (Wm. Earle White, Petersburg, Va., Minor, Thompson & White, Richmond, Va., and White, Hamilton, Wyche & Shell, Petersburg, Va., on brief), for appellees.
 Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.
 BOREMAN, Circuit Judge.
 
 
 1
 This is an appeal from an order entered by the United States District Court for the Eastern District of Virginia, which order directed a stay in proceedings until such time as the issues raised by the pleadings had been submitted to arbitration.
 
 
 2
 Jurisdiction of the lower court is based upon the Miller Act (40 U.S.C.A. 270a to 270d). The action was instituted as a result of a contract dispute in connection with the construction of a government housing project, on which project the principal defendant, Al-Con Development Corporation, was general contractor and the plaintiffs, acting together, were a subcontractor. The defendant insurance companies are parties hereto only because of their undertakings as sureties for the principal defendant.
 
 
 3
 The complaint was filed on the 10th day of November, 1958. On November 20, 1958, the defendants, by counsel, notified the plaintiffs that they would seek an extension of time for filing their answer, and served the plaintiffs with a motion for enlargement of time within which to file their answers or other pleadings. Pursuant to this motion, the district court, on December 10, 1958, entered an order granting defendants a period of thirty days from that date within which to file answer or other pleadings. On March 12, 1959, pursuant to agreement of counsel, the district court entered an order granting leave to the defendants to file answer or other pleadings, and on that same day defendants filed the following pleadings in the following order:
 
 
 4
 1. A motion for arbitration and stay of proceedings;
 
 
 5
 2. A petition for an order directing arbitration and stay of proceedings;
 
 
 6
 3. Answer to the bill of complaint.
 
 
 7
 On June 10, 1959, the plaintiffs having indicated an unwillingness to arbitrate, the district court entered an order directing that the cause be stayed until the 'condition precedent be complied with by way of arbitration.' This appeal followed.
 
 
 8
 Al-Con Development Corporation, as general contractor, and Al's Sheet Metal Company, Incorporated, as subcontractor, entered into an agreement under the terms of which the latter was to furnish labor and materials in connection with the installation of heating plants on a construction profject. Paragraph 20 of the contract between the parties is the only one relevant to the issue raised by this appeal and is as follows:
 
 
 9
 '20. Arbitration. In case of any dispute between the parties as to the interpretation of this agreement or the performance of the same, either party may demand that the dispute be submitted to arbitration. The demand shall be in writing, shall be served on the other party and shall specify the arbitrator chosen by the party making the demand. Within 7 days after receipt of the demand, the other party shall appoint an arbitrator, by written notice served on the party making the damand. The two arbitrators so chosen shall select a third arbitrator. The decision of any two arbitrators shall be binding and conclusive, shall be in writing, and shall be a condition precedent to any right of legal action. In no case shall submission of a matter to arbitration be a cause for delay or discontinuance of any part of the work. Each party shall bear the expense of its own arbitrator and the expense of the third arbitrator and other costs of the arbitration shall be divided equally between the parties.'
 
 
 10
 In the petition for an order directing arbitration and stay of proceedings, the defendants named their arbitrator as required by the provisions of the contract. A copy of this written demand for arbitration and the name of the arbitrator was served on counsel for the plaintiffs.
 
 
 11
 The plaintiffs contend (1) the terms of the contract contained in paragraph 20 do not make arbitration a condition precedent to litigation; and (2) the defendants have waived any rights of arbitration they may have had under the contract. The defendants concede that the provisions of the Federal Arbitration Act (9 U.S.C. 1 through 14) are not applicable here and that, if the lower court has the power to stay proceedings, pending arbitration, it must find that authority in the law of the State of Virginia. Plaintiffs maintain that, under Virginia law, the court had no such power and authority. The lower court ordered that the defendants 'are entitled to such an arbitration of the issues as a condition precedent to maintaining the suit' and 'that the above entitled cause be stayed without any adjudication by this court of the issues involved until the aforesaid condition precedent to complied with by way of arbitration.'Both plaintiffs and defendants cite Big Vein Pocahontas Co. v. Browning, 1923, 137 Va. 34, 120 S.E. 247, 249, to support their respective positions. In that case the contract read, in part, as follows: '* * * if the lessors shall dispute the same (the lessee's claim), the matter shall be referred to arbitrators * * *.' The Supreme Court of Appeals of Virginia, in discussing what appears to be a mandatory provision for arbitration, and in holding that this agreement to arbitrate could not be enforced, said:
 
 
 12
 'It is settled law that the authority of arbitrators, where they are required to pass upon the ultimate liability of the parties, may be revoked at any time before the award is made; and the agreement to arbitrate will be no bar to an action on the original contract, because such a course is supposed to oust the courts of their jurisdiction * * *,' (citing cases).
 
 
 13
 'In Corbin v. Adams, supra (76 Va. 58, at page 61), it is said: Such an agreement not consummated by an award is universally held to be no bar to a suit at law or equity; nor can it be the foundation of a decree for specific execution. In its very nature it must rest on the good faith and consent of the parties concerned. Parties litigant cannot by such agreements oust the jurisdiction of the courts or deprive themselves of the right to resort to the legal tribunals for the settlement of their controversies.' Citing Morse on Arbitration, 79, 90.'
 
 
 14
 However, the court recognized the validity of an agreement to arbitrate, where arbitration is made a condition precedent to litigation, by stating:
 
 
 15
 'This general rule is subject to an exception, namely, that the parties may, by contract, lawfully make the decision of the arbitrators a condition precedent to a right of action on the contract. In such case, until the decision is made, the courts have no jurisdiction of the case, and, therefore, cannot be said to be ousted of their jurisdiction.'
 
 The court further said:
 
 16
 'Only such agreements * * * as make the award of arbitrators a condition precedent to the maintenance of a subsequent suit in the courts, are held to be valid and irrevocable.'
 
 
 17
 In Bernhard v. Jones, 156 Va. 476, 159 S.E. 82, 83, the Supreme Court of Appeals of Virginia referred to the earlier Big Vein case and restated the exception to the general rule regarding arbitration by contract in the language following:
 
 
 18
 'The numerous authorities cited by the appellant, holding as a general rule, at common law, that a party to an arbitration agreement has the right to withdraw from the agreement before an award is made, have no application to this case. The principles of law applied in some jurisdictions, that parties cannot, by agreement, oust the courts of jurisdiction granted them by law, and cannot debar themselves from appealing to the courts, likewise does not apply to this case. * * *
 
 
 19
 'The contract in the instant case, by its express terms, made the findings of the arbitrators a condition precedent to the right of any party to the contract, to bring any action or suit based thereon. This case clearly falls within the exception above set forth in the case of B. V. Pocahontas Co. v. Browning, supra.'
 
 
 20
 The plaintiffs contend that the language of the above quoted paragraph 20 of the contract indicates that arbitration 'is merely optional to the parties' and the mere fact that the contract contains the words 'condition precedent' does not mean that compliance must be had with an expressed condition. We cannot find support for the plaintiffs' contentions. The contract providing for arbitration is in no sense unilateral and expressly provides that 'either party may demand that the dispute be submitted to arbitration' before legal action. It is true that the parties could have mutually agreed to waive arbitration and submit to the jurisdiction of the court. The plaintiffs, by bringing their action, indicated their waiver of the arbitration provisions of the contract, but, by so doing, they could not force the defendants to waive their contractual right.
 
 
 21
 The plaintiffs further argue that, in the event it should be determined that the defendants had a contractual right to demand arbitration, they were dilatory and, by their own actions, waived such right; that the defendants made a general appearance in the case, which appearance was a submission to the jurisdiction of the district court. At the same time, they admit that there are no Virginia cases dealing directly with the question of whether or not the requesting of additional time and the filing of an answer would constitute a waiver of the right to arbitration.
 
 
 22
 Plaintiffs call attention to the North Carolina case of Hargett v. Delisle, 229 N.C. 384, 49 S.E.2d 739, but in that case the defendants not only filed an answer denying their indebtedness but set up a cross-action seeking affirmative relief. The court held that it was apparent that the parties had chosen to litigate and to ignore the provision as to arbitration.
 
 
 23
 Plaintiffs also refer to a note in 117 A.L.R. 308. The case preceding this annotation is a case decided by this court, Radiator Specialty Co. v. Cannon Mills, Inc., 97 F.2d 318, 319, reproduced at 117 A.L.R. 299. There, also, the defendant filed an answer and set up a counterclaim for a large sum as damages claimed to be due because of defects in certain goods purchased from the plaintiff. The court held that the defendant, by its course of action in demanding affirmative relief, waived the right under the arbitration clause in the contract, and said:
 
 
 24
 'The plaintiffs by bringing the action ignored this provision of the contract; they made no reference to it in their complaint. The defendant under the provisions of the Arbitration Law could have applied to the court to enforce arbitration and to stay all proceedings in the action. Instead of doing so, the defendant answered. * * * The defendant even went further and asked relief of the court by setting up a counterclaim and demanding judgment against the plaintiffs in a large sum. * * * Upon these facts, whatever right the defendant may have had under his contract and the Arbitration Law to enforce arbitration he deliberately waived; he chose and elected to proceed by an action in court for the determination of the respective claims. * * * The trial judge is vested with discretion to refuse to stay the action if he is of the opinion that the party seeking arbitration is in default.'
 
 
 25
 The same A.L.R. note to which the plaintiffs refer cites the case of Haupt v. Rose, 1934, 265 N.Y. 108, 191 N.E. 853. There the contract in dispute contained an arbitration provision. Action was instituted and the parties entered into a stipulation extending the time in which the defendant could move or answer. Defendant them moved to dismiss and, in the alternative, to have the plaintiff state separately and number his causes of action. The motion to dismiss was overruled, the second motion was sustained, and plaintiff filed an amended complaint, whereupon the defendant moved for arbitration. A period of three months had elapsed from the filing of the original complaint to the time of filing the motion to arbitrate. After setting out these facts, the court held that 'under these circumstances there was no such delay in acting or such unequivocal act by the defendant as to constitute an election and waiver.'
 
 
 26
 In Modern Brokerage Corp. v. Massachusetts Bonding & Ins. Co., D.C.S.D.N.Y.1944, 54 F.Supp. 939, 940, the contract made provision for arbitration. The defendant, surety on general contractor's bond, was sued by the owner and filed its answer. Subsequently, defendant moved to amend its answer to include as a defense that the action was barred because of plaintiff's earlier refusal to submit the issue to arbitration and requested a stay pending arbitration. Defendant was permitted to amend its answer incorporating the desired defense, and a stay was ordered. The court said:
 
 
 27
 'The lack of power in this court to compel in this action such arbitration does not prevent it from granting a stay until the (arbitration) provision in the contract is complied with. * * * The defendant has not waived its right either to amend or apply for a stay.'
 
 
 28
 Plaintiffs cite only three cases as authority for the proposition that the motions for extensions of time within which to plead or answer and the filing of the answer amount to a general appearance and a waiver of the defendants' alleged right to demand arbitration. These cited cases were decided before the adoption and promulgation of the Federal Rules of Civil Procedure, 28 U.S.C.A., and, upon examination, have been found to be otherwise inapposite. Unquestionably, the defendants could have raised the issue challenging the court's jurisdiction over the subject matter in their answer as well as by motion. Rule 12(b) of the Federal Rules of Civil Procedure provides in part as follows:
 
 
 29
 'Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) Lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person * * *. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. * * *'
 
 
 30
 Since the Federal Rules of Civil Procedure have been in effect, the cases are legion in which the courts recognize the fact that the age-old distinction between general and special appearances has been abolished. The case of Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871, involving the defense of 'lack of jurisdiction over the person,' contains a discussion of Rule 12 and its application. It was there held that a motion raising the defense of lack of jurisdiction over the person, served within the time fixed by the district court for serving a motion or answer, was not too late; that the rule requires the district court to decide the question of jurisdiction raised by the motion and, if the question is decided in defendant's favor, to refrain from exercising over him the power which his voluntary appearance has given it. See also collection of cases, U.S.C.A., Title 28, Rule 12, notes 418 and 419.
 
 
 31
 In the instant case, immediately prior to the filing of their answer, these defendants filed their motion for arbitration and petition for an order directing arbitration and stay of proceedings. Under these circumstances, we are of the opinion that the defendants had the right to raise the issue of lack of jurisdiction over the subject matter by their motion and petition and that such right was not waived by the subsequent filing of their answer.
 
 
 32
 In their motion for enlargement of time within which to answer or plead, the defendants asserted the Al-Con Development Corporation is a California corporation; that its books and records, containing all of the necessary documentary evidence of the transactions between the parties, were located in Los Angeles, California; that a compilation of the necessary records and documents concerning these transactions had to be made and forwarded to their attorneys in Richmond, Virginia, before a proper answer or other pleading could be filed; that such compilation was necessarily complex and time-consuming, and that the analysis of data following receipt by the defendants' attorneys would require more time. In exercising its discretion, the district court obviously determined that there had been no unreasonable delay on the part of the defendants, under the circumstances, in exercising their right to demand the submission of the matters in controversy to arbitration and to insist that the decision of the arbitrators should be a condition precedent to legal action, pursuant to their contract. We cannot say that the district court abused its discretion in this particular.
 
 
 33
 We are of the opinion that the order of the district court staying the action pending arbitration must be
 
 
 34
 Affirmed.