**SUCREST CORPORATION, Libelant,**

v.

**CHIMO SHIPPING LIMITED, Skips A/S Valnor and the S.S. VALNOR, her engines, boilers, etc., Respondents.**

United States District Court
S. D. New York.
July 14, 1964.

Dow & Stonebridge, New York City, for libelant. Robert L. Mahar, New York City, of counsel.

Healy, Baillie & Burke, New York City, for respondents. Walter G. McNeill, New York City, of counsel.

McGOHEY, District Judge.

The respondent moves for summary judgment dismissing the action as time-barred by a provision of the charter-party for the commencement of arbitration within six months from the date of delivery.

In March 1961 the parties entered into a charter for the carriage of molasses to Brooklyn, New York from the Port of Barbados. Upon delivery on July 9, a portion of the molasses was found to be contaminated by salt water. The libelant duly notified the owner of the damage and the latter denied liability. Paragraph 26 of the charter party provides:

> "should any dispute arise between owners and the charterers, the matter in dispute shall be referred to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them shall be final, and for the purpose of enforcing any award, this agreement shall be made a rule of the Court. The Arbitrators shall be commercial men. If for any reason whatsoever the charterer has any claims against the vessel they shall be presented within ten (10) days of completion of discharge of the within mentioned cargo, and if there is any occasion for an arbitration under said Charter Party the Charterer and the Owner agree to

appoint arbitrators and arbitration must commence within six (6) months of the date of completion of discharge."

It appears from the libelant's brief that the owner received timely notification of the damage, and it is undisputed that neither side made any move toward arbitration within the prescribed period. The narrow question is whether the respondent, by its failure to take the affirmative steps required of it by the charter-party, thereby waived its right to arbitration and is estopped from asserting the limitation of the arbitration provision as an affirmative defense.

The duty of the charterer and the owner to act within six months of discharge was concurrent. After the dispute arose, however, neither party appointed an arbitrator or, so far as appears, so much as indicated any intention or desire to arbitrate. Both sides proceeded in complete disregard of the arbitration provision.

 Both parties to an arbitration agreement, or either of them may by their conduct waive their right to arbitration. La Nacional Plantera, S. C. L., v. North American F. & S. S. Co., 5 Cir., 84 F.2d 881. Dilatory conduct or delay, in the face of a known duty to act, constitutes a waiver where such conduct is inconsistent with an intention to rely upon arbitration. Radiator Specialty Co. v. Cannon Mills, Inc., 4 Cir., 97 F.2d 318, 117 A.L.R. 299; 117 A.L.R. 301; 161 A.L.R. 1426. The respondent's failure to make any attempt to arbitrate, after it had notice that a dispute had arisen, and despite its knowledge of its obligation under the charter-party to appoint an arbitrator and commence arbitration within six months, can only be construed as conduct inconsistent with an intention to arbitrate. It was "an intentional relinquishment or abandonment of a known right." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

Despite its own inaction during the period prescribed by the arbitration provision, the respondent now seeks to assert the libelant's failure to act within that time as an absolute bar to recovery. The arbitration clause is not susceptible to such division; it cannot be partially accepted and partially discarded.

Reynolds Jamaica Mines Ltd. v. La Societe Navale Caennaise, 239 F.2d 689 (4 Cir. 1956), relied upon by the respondent, is not to the contrary. There, "the claim * * * that the arbitration provisions of the contract were waived rests upon the filing of an answer and counterclaim" by the respondent. Id. at 693. Furthermore, the libelant in Reynolds failed to notify the respondent within the required period that a dispute had arisen, and the latter was not made aware of the existence of a dispute until after the period allowed for arbitration had expired.

The motion for summary judgment is denied.

So Ordered.