COCA–COLA BOTTLING COMPANY OF PUERTO RICO, INC., demandante y recurrente, v. UNIÓN DE TRONQUISTAS DE PUERTO RICO, LOCAL 901, y OTROS, demandados y recurridos.

*Número:* R-80-68 *Resuelto:* 11 de junio de 1980

McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz-Suria y *Aníbal Irizarry,* abogados de la recurrente; *P. Pagán Colón,* abogado de los recurridos.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El 31 de octubre de 1978 fue emitido un laudo por el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos. La controversia sometida por las partes ("Coca-Cola" y "la Unión") fue: "Determinar cuál prevalece en caso de conflicto entre una cláusula de antigüedad negociada en un convenio colectivo y la Ley 80 de 30 de mayo de 1976". [1]

---

[1] La disposición pertinente es el Art. 3 (29 L.P.R.A. sec. 185c) el cual dispone:

"En cualquier caso en que se despidiesen empleados por las razones indicadas en los incisos (d), (e), y (f) de la sección anterior, el patrono estará obligado a retener con preferencia en el empleo a los empleados de más antigüedad siempre que subsistan puestos vacantes u ocupados por empleados de menos antigüedad en el empleo dentro de su clasificación ocupacional que puedan ser desempeñados por ellos entendiéndose que se dará preferencia a los empleados despedidos en caso de que dentro de los seis meses siguientes a su cesantía tuviere necesidad de emplear a una persona en labores iguales o similares a las que desempeñaban dichos empleados al momento de su despido y dentro de su clasificación ocupacional siguiéndose también el orden de antigüedad en la reposición excepto, y en ambas situaciones, en aquellos casos en que haya una diferencia clara e inconcursa [sic] en favor de la eficiencia o capacidad de trabajadores comparados, en cuyo caso prevalecerá la capacidad."

Del acuerdo de sumisión no surge cuál cláusula de antigüedad, de las muchas que contiene el convenio, (²) ocasionó la disputa. El laudo revela, no obstante, que la cláusula VII, 4 sobre superantigüedad (³) parece ser la pertinente. Esta cláusula es la que discute con especial atención el laudo y la que motiva su conclusión de que "No se considera una violación a las disposiciones de la Ley 80 la cláusula de superantigüedad a los delegados para retención y reempleo", si bien a continuación se anuncia en términos generales que "En caso de conflicto prevalecen las cláusulas de antigüedad negociadas en el convenio colectivo vigente entre las partes sobre las disposiciones de la Ley 80 de 30 de mayo de 1976".

Inconforme con el laudo, Coca-Cola dedujo demanda ante el Tribunal Superior, Sala de San Juan, para anular la decisión del árbitro, por estimarla contraria a derecho. (⁴)

La decisión emitida por el tribunal de instancia disipa cualquier posible ambigüedad que pueda imputársele al laudo sobre la naturaleza de la disputa. El Hon. Abner Limardo definió así la controversia en su sentencia:

"Este caso plantea la impugnación de la demandante Coca Coca Bottling Co. of Puerto Rico, Inc. al laudo que emitiera el árbitro, Lcdo. Juan M. Davis, el 31 de octubre de 1978 sobre la controversia para determinar cual prevalece en caso de conflicto entre una cláusula de antigüedad negociada en un convenio colectivo —el reconocimiento de superantigüedad a los delegados

---

(²) El convenio estaría en vigor desde el 13 de diciembre de 1976 hasta el 12 de diciembre de 1979. Véanse, entre otras cláusulas de antigüedad, las disposiciones del Art. XVI y las del Art. VII, 4 del convenio.

(³) Esta cláusula dispone:

"Los delegados y sustitutos tendrán superantigüedad para fines de reducción de personal y reempleo independientemente de la fecha en que comenzaron a trabajar."

(⁴) La Sec. 8 del Art. XIV dispone:

"El árbitro no tendrá jurisdicción para enmendar el presente convenio y resolverá la controversia a tenor con el acuerdo de sumisión de las partes, el presente convenio y las doctrinas laborales y las leyes vigentes."

y representantes de la unión— y la Ley Núm. 80 del 30 de mayo de 1976."

A continuación el tribunal convino con el árbitro en que el derecho de los delegados a la superantigüedad no conflige con la referida Ley Núm. 80 (29 L.P.R.A. sec. 185a *et seq.*) y ordenó el cumplimiento del laudo. La sentencia se limita a resolver la compatibilidad de la disposición del convenio referente a la superantigüedad, antes transcrita, con la mencionada ley. El tribunal rehusó expresamente discutir otras cláusulas del convenio concernientes a la antigüedad, por entender que fueron planteadas "bajo la especulación de posible protesta por éstos [los trabajadores] sobre lo dispuesto en las mismas", por lo que "el remedio solicitado al respecto cobra carácter de una opinión consultiva . . . que carecemos de autoridad legal para emitir".

En alzada ante nosotros, Coca-Cola sostiene que es errónea la sentencia, que no está planteada la validez de la cláusula de superantigüedad, sino de los derechos de antigüedad de los otros empleados que forman parte de la unidad contratante frente a la Ley Núm. 80. La recurrente no nos ilustra sobre los hechos que han dado margen a la controversia, para demostrar así su naturaleza práctica, y no académica, e intentar refutar la conclusión del tribunal de instancia de que la única cuestión realmente en disputa es la relación entre la cláusula de superantigüedad y la Ley Núm. 80.

En determinadas circunstancias cabe el recurso de la sentencia declaratoria para dilucidar controversias sobre la interpretación de un convenio. *Asoc. de Guardianes* v. *Bull Line,* 78 D.P.R. 714 (1955). El empleo de la sentencia declaratoria está limitado tradicionalmente por varios requisitos. Entre otros, la controversia debe ser real, de índole práctica y no académica o teórica, y determinante del asunto en discusión. *Textile Workers Union* v. *Williamsport Textile Corp.,* 136 F.Supp. 407 (D.C. Pa. 1955). Véanse: E. Borchard, *Declaratory Judg-*

*ments,* 2da ed., Cleveland, 1941, pág. 29 *et seq.;* I. Zamir, *The Declaratory Judgment,* Londres, Stevens, 1962, pág. 50; A. H. Hudson, *Declaratory Judgments in Theoretical Cases: The Reality of the Dispute,* 3 Dalhousie L.J. 706 (1977). Si una disputa no está firmemente anclada en hechos específicos, adquiere un matiz teórico que generalmente la excluye del ámbito legítimo de la sentencia declaratoria. I. Zamir, *loc. cit.*

 He ahí el problema de este caso. La sentencia de la que se recurre resuelve exclusivamente que la cláusula de superantigüedad antes citada no infringe el propósito de la Ley Núm. 80 de 30 de mayo de 1976. Este aspecto del fallo es incuestionablemente correcto. La protección que entraña tal cláusula es enteramente compatible con la negociación colectiva. *Vide: Hospital Service Plan,* 94 L.R.R.M. 1381 (1976); *D'Amico* v. *N.L.R.B.,* 99 L.R.R.M. 2350, 582 F.2d 820 (3d Cir. 1978). El Departamento del Trabajo y Recursos Humanos enmendó, en 1977, sus propias Guías para la Interpretación y Aplicación de la Ley Núm. 80 de 30 de mayo de 1976 para reconocer que las cláusulas de superantigüedad obligan al patrono, contrario a lo expresado en la Ley Núm. 80, a retener y reemplear a los delegados de la unión con preferencia a cualquier otro empleado, dentro de sus clasificaciones ocupacionales, independientemente de su antigüedad. Opinión del Procurador del Trabajo, Núm. 10361. El reconocimiento de esta preferencia beneficia tanto a los empleados como al patrono. La Ley Núm. 80 no impide que se garantice, en lo posible, la continuidad en el empleo de los delegados de la unión.

 El ataque a la negativa del tribunal de instancia a resolver *in abstracto* que la Ley Núm. 80 prevalece sobre todas las cláusulas de antigüedad, carece de validez. Ni al tribunal de instancia ni a este Tribunal se le ha demostrado adecuadamente, con referencia a hechos concretos, que

existe una controversia real y justiciable sobre este parti-
cular.

*Se expide el auto y se confirmará la sentencia recurrida.*