**Manuel RODRIGUEZ, et al., Plaintiffs,**

v.

**EASTERN AIRLINES, INC., et al., Defendants.**

**Civ. No. 83–2073 HL.**

United States District Court, D. Puerto Rico.

May 20, 1986.

Carlos Bobonis González, Santurce, P.R.,
for plaintiffs.

Ponsa-Feliú & Ponsa Flores, Francisco Ponsa Flores, San Juan, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiffs, Manuel Rodríguez, Herminio Romero and Ramón Abreu, employees of defendant Eastern Airlines, Inc. ("Eastern") filed this action for Declaratory Judgment under Puerto Rico's Rule 59 [1] in the Superior Court of Puerto Rico. Defendant removed the case to this court pursuant to 28 U.S.C. sect. 1441(a).

Plaintiffs claim that Eastern's seniority policy is in violation of Puerto Rico's wrongful discharge statute, Law 80, 29 L.P.R.A. sect. 185 et seq. ("Law 80"). Among other relief prayed for, plaintiffs ask the court to declare invalid Eastern's manner of calculating seniority and to order Eastern to calculate plaintiffs' seniority in accordance with Puerto Rico's Law 80.

Before the Court are cross-motions for summary judgment by plaintiffs and defendant. For the reasons explained below the Motion for Summary Judgment by plaintiffs is GRANTED.

## I. FACTS

Plaintiffs are all non-union employees of defendant, Eastern Airlines. Plaintiff, Manuel Rodríguez, began working for Eastern as a part-time employee on April 22, 1960, and as a full-time employee on July 9, 1960. At present, he works full time as a custom-er service agent at Luis Muñoz Marín International Airport in San Juan, Puerto Rico. In the course of his employment with Eastern, Rodríguez has held the following positions: ramp services supervisor, passenger services supervisor, ramp services manager, aircraft services supervisor, cargo services supervisor, main comptroller, and control operations agent.

Herminio Romero was hired by Eastern on February 13, 1967. Since that time, he has been employed at the Luis Muñoz Marín International Airport in San Juan as a ramp agent, a training instructor, a passenger services agent, and a customer service agent. Presently, he works at John F. Kennedy Airport ("JFK") in New York as a customer service agent.

Ramón Abreu, began work for Caribbean Atlantic Airlines ("Caribair") on February 27, 1967. On December 3, 1973, following a corporate merger between Caribair and Eastern, Ramón Abreu became an Eastern employee.[2] While working for Eastern, Abreu has held the positions of reservations agent and control operations agent at the airport in San Juan. Presently, Abreu also works at JFK as a customer service agent.

On August 12, 1983, Eastern notified plaintiffs, Herminio Romero and Ramón Abreu, that they were placed on "surplus" status effective August 31, 1983. Rather than being laid-off work, Romero and Abreu chose to displace junior employees in their job positions and to be transfered to

---

1. Puerto Rico's Rule 59 is modeled after the Declaratory Judgment Act, 28 U.S.C. sects. 2201, 2202. It provides in pertinent part:

    59.1. When appropriate

    The Superior Court shall have the power to declare rights, status and other legal relations, whether or not further relief is or could be claimed.

    59.2. Who may request declaratory judgment; power to construe; exercise of powers

    (a) Every person ... whose rights, status or other legal relations are affected by any statute, ... may apply for a decision on any difference in the construction or validity of said statutes, ... and also a declaration of rights, status or other legal relations derived therefrom.

    59.3. Discretion of the court

    The court may refuse to render or enter a declaratory judgment or decree when such judgment or decree, if rendered or entered, will not put an end to uncertainty or to controversy giving rise to the proceedings.

    59.4. Additional remedies

    Additional remedies based on a declaratory judgment or decree may be allowed whenever necessary or adequate.

2. According to the merger agreement between Caribair and Eastern the active service starting date for Caribair employees hired by Eastern was the date those employees began service with Caribair.

New York's JFK Airport.[3] The papers authorizing this transfer were signed by both plaintiffs "under protest, pending court decision on Law 80." Plaintiffs' salaries were not reduced by the transfer. However, because their families continue to reside in Puerto Rico, plaintiffs claim that the transfer to New York has caused them substantial financial expense and emotional, marital and family instability.

Eastern's personnel policy and employment agreement with its non-union, non-management employees is set out in detail in the Company's Policy Guide for Non-Contract Employees ("Policy Guide"). The Introduction to the Policy Guide states:

> If legislation of a state, territory, or country served by Eastern is more favorable to the employee than policies in this booklet, or if any policies in this booklet are in violation of the legislation of any state, territory, or country, that legislation will be applied to non-contract employees stationed in the state, territory, or country.

Eastern's policy and procedure for employee lay-offs is explained in the Policy Guide and also the Standard Practice for Personnel Policy ("Standard Practice"). According to the Standard Practice, when lay-offs become necessary for business and economic reasons employment positions are declared "surplus" on a local basis. Local management, with the assistance of the Regional Personnel Office is responsible for deciding the number of excess or "surplus" employment positions in the various job classifications. The Policy Guide provides that the order of layoffs, or, in other words, the order in which employees will be placed on "surplus" status, is to be determined on the basis of the employees' work classification seniority; not on the basis of company seniority. Work classification seniority is calculated as of the "date a full-time, non-management employee enters a work classification (an occupational group

which may be comprised of one or more related non-management jobs)." As alternatives to being laid-off, the Policy Guide allows an employee placed on "surplus" status with more than three years work classification seniority or seven years company seniority to choose between:

> a) using his or her work classification seniority to displace a junior employee at *any* location in the system,
>
> b) using his or her past work classification seniority to displace a junior employee in another position at *his* location,
>
> c) displacing any probationary employee in the same or lower salary grade at any location, or
>
> d) filling any vacant position in the system for which he is qualified.

Under Eastern's Policy of calculating seniority for lay off purposes on the basis of work classification, Manuel Rodríguez' seniority is dated at November 8, 1967, while he is listed as beginning active service on July 9, 1960; Herminio Romero's seniority is dated at August 31, 1972, while his active service date is February 3, 1967; and Ramón Abreu's seniority is dated at January 21, 1973, while his active service date is March 2, 1967. Plaintiffs claim that Eastern's seniority policy violates Puerto Rico's Law 80 which requires seniority to be calculated on the basis of active service with the employer; not on the basis of employment within a job classification.

## II. PUERTO RICO'S WRONGFUL DISCHARGE STATUTE, LAW 80

Law 80, was enacted to protect all employees in "commerce, industry or other business" from "unjust discharge" by their employer. 29 L.P.R.A. sect. 185a. Section 1 of the Law entitles an employee who was dismissed from his position without good cause to a remedy of severance pay equal to one month's salary plus one week's earnings for each year of service.[4] *Id.*

---

**3.** Both Romero and Abreu returned temporarily to work as customer service agents in San Juan, but continue to be assigned to positions at JFK.

**4.** Law 80, Section 1, 9 L.P.R.A. sect. 185a states in part:

Indemnity for discharge without just cause—
Salary; years of service

Section 2 of Law 80 sets out the conditions under which an employer has "just cause" to terminate an employee. 29 L.P.R.A. sect. 185b. Included as a "just cause for discharge" are:

(d) Full, temporary or partial closing of the operations of the establishment.

(e) Technological or reorganization changes as well as changes of style, design or nature of the product made or handled by the establishment and in the services rendered to the public.

(f) Reductions in employment made necessary by a reduction in the volume of production, sales or profits, anticipated or prevalent at the time of the discharge.

Section 3 establishes that "just cause" discharges in situations of business and economic necessity [subsections (d), (e), (f) above] must be done on the basis of seniority.[5] The Guidelines for the Interpretation and Application of Law 80 ("Guidelines") issued by the Department of Labor and Human Resources ("Department of Labor") provide that "seniority," as used in this provision, is to be calculated on the basis of the entire period of time the employee has worked for the employer (active service); not on the basis of work classification.[6] To fully clarify that seniority is to be calculated on the basis of active service the Guidelines provide the following example:

> Every employee in commerce, industry or any other business or place of employment designated hereinafter as the establishment, in which he works for compensation of any kind, under contract without a fixed time, who is discharged from his employment without good cause shall be entitled to receive from his employer, in addition to the salary he may have earned:
>    (a) the salary corresponding to one month as indemnity;
>    (b) an additional progressive indemnity equivalent to one week for each year of service.

**5.** Law 80, section 3, 9 L.P.R.A. 185c, states in pertinent part:
  Order of retaining employees
  In any case where employees are discharged for the reasons indicated in subsections (d), (e) and (f) of the preceding section it

Assume that an employee denominated 'A' worked for the employer as a dispatcher for two years. From dispatcher he became a salesman and worked for three years and, thereafter, he is promoted to manager where he worked for five years. If the employer were to suspend or lay-off one or more managers, retaining others, 'A' has a seniority of 10 years and assuming that the employer has a manager, denominated 'B' who has, let's say, eight years as a manager, but only nine years working for the employer, 'A' has a right to be preferentially retained over manager 'B'. (Our translation)

## III. LAW 80 AS APPLIED TO THE PRESENT ACTION

Law 80 clearly confers a right on an employee who has been wrongfully discharged by an employer. In the case before us, however, the parties agree there exists no issue of unjust dismissal. Defendant's summary judgment motion raises the following legal issues: whether sections 2 and 3 of Law 80 create an independent right separate from and in addition to the right to seek a remedy against an employer for wrongful discharge; and, if such a right exists, whether plaintiffs have stated a claim under Law 80; and whether defendant's seniority policy violates Law 80, sections 2 and 3. Summary judgment is proper in a case, such as this one, where there exists no genuine dispute as to a

> shall be the duty of the employer to retain with preference in the job those employees of greater seniority provided there are positions vacant or filled by employees of less seniority in the employment within their occupational classification which may be held by them ...

**6.** It is a well settled principle that the courts place great weight on the interpretations given to statutes and regulations by those agencies charged with the responsibility of administering them. *Udall v. Tallman,* 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *Bowles v. Seminole Rock and Sand Co.* 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945). *Pacific Coast Meat Jobbers Ass'n, Inc. v. Cost of Living Council,* 481 F.2d 1388, 1392 (Em.App.1973). Of particular note, the Puerto Rico Supreme Court in *Coca-Cola Bottling Co. v. Union de Tronquistas,* 109 D.P.R. 834 (P.R.1980) relied on the Labor Department's Guidelines interpretation of Law 80.

material fact and the prevailing party is entitled to judgment as a matter of law. F.R.C.P. 56(c); *Metropolitan Life Ins. Co. v. Ditmore,* 729 F.2d 1 (1st Cir.1984).

Section 3 of Law 80 provides that an employer has a duty to retain employees with greater seniority when lay-offs become necessary for business or economic reasons. Seniority, as defined by the Guidelines, is to be calculated on the basis of active service with the employer. It follows that if an employer has a duty to establish seniority policy in accordance with Law 80, section 3, an employee has a right under section 3 to challenge the policy if the employer breaches this duty.

■ The case of *Coca-Cola Bottling Co. v. Union De Tronquistas,* 109 D.P.R. 834 (P.R.1980) supports the proposition that Law 80, sections 2 and 3 create an independent right to challenge an employer's seniority policy. Piecing together the sketchy statement of facts in *Coca-Cola Bottling Co.,* it appears that the case arose out of a dispute between the union and the company over which seniority policy should prevail, the super-seniority clause negotiated in the collective bargaining agreement or Law 80, section 3. The dispute was submitted to arbitration, where the award held in favor of the collective bargaining agreement's seniority clause. There is no indication from the facts that any employee suffered a wrongful discharge or that the dispute was based on a dismissal of any sort. The claim was raised solely to resolve the proper calculation of seniority.

Though the Supreme Court of Puerto Rico did not address specifically in *Coca-Cola Bottling Co.* whether Law 80, sections 2 and 3 create an independent right, the Court's discussion on an action for declaratory judgment under Law 80 is based on the premise that an employee need not be wrongfully discharged to state a claim.

The Puerto Rico Supreme Court found that seniority policy disputes may be reviewed under Law 80 whenever the court is "persuaded with concrete facts that there is a real and justiciable controversy." *Id.* at 838, 839. Hence, a claim challenging an employer's calculation of seniority is proper under Law 80, provided the justiciability requirements for declaratory judgment are met.

■ Since we find that Law 80, sections 2 and 3 create an independent right, it follows that plaintiffs have a valid cause of action to challenge Eastern's seniority policy. We further find that each of the plaintiffs has a justiciable claim for declaratory relief. This case presents a real controversy of a practical, not theoretical nature, between the parties with adverse legal interests. *See Public Service Commission of Utah v. Wycoff Co.,* 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291; *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941); *Fagot v. Federal Deposit Ins. Corp.,* 584 F.Supp. 1168 (D.P.R.1984). Plaintiffs, Herminio Romero and Ramón Abreu, have been placed on "surplus" status already because of their low seniority under Eastern's manner of calculation. Manuel Rodríguez holds less seniority under Eastern's policy than he would under Law 80 and, though he has not yet been placed on "surplus" status, he fears this action could be taken against him imminently.[7]

■ The Introduction to Eastern's Policy Guide provides that "if legislation of a state, territory, or country served by Eastern is more favorable to the employee *than the policies of this booklet, or* if *any* policies of this booklet are in violation of the legislation of *any* state, territory, or country, that legislation will be applied..."

---

**7.** Relying on the Labor Department's Guidelines defendant argues that even if plaintiffs have a right to challenge Eastern's policy under Law 80 they have failed to state a claim because they have not been discharged from employment. The Guidelines provide that an essential element to a Law 80 claim is that the employee was not only discharged but "was discharged without just cause." We find that this element is necessary to state a claim under Law 80 for wrongful discharge, but is irrelevant to a claim, such as the one before us, under section 3 of the Law for invalid seniority policy.

(Our emphasis.)[8] Eastern argues that the proper interpretation of the provision is to take the entire benefit package provided by the Policy Guide as a whole and then compare it to the local law at issue. This interpretation might have had merit if the provision had contained exclusively the first phrase which emphasizes the clause, "policies of the booklet," as if the policies were to be considered as a whole. However, defendant's argument is without basis because this phrase is modified by a second phrase which emphasizes the word "any"; "if *any* policies of the booklet are in violation of the legislation of *any* state, territory, or country that legislation will be applied ..." This second phrase makes the provision clear on its face that the policies of the booklet are to be considered separately and compared independently to any conflicting legislation in any state, territory or country. Defendant produced no outside evidence that Eastern intended by this introductory provision that the policies of the booklet should be considered as a whole. Accordingly, we reject defendant's argument and apply the provision literally.

■ The provision requires any Eastern personnel policy to yield to local legislation if the policy is in violation of the legislation. Here, the policy at issue is Eastern's manner of calculating seniority, for lay-off purposes, on the basis of work classification. This policy is in direct violation with Puerto Rico's Law 80, which requires seniority to be calculated on the basis of active service. As a result, Law 80 must be applied to Eastern's non-contract employees in Puerto Rico.[9]

■ Eastern argues in support of its motion for summary judgment that to calculate seniority in accordance with Law 80 would disrupt their system of seniority company-wide. This argument is not persuasive. The recalculation of seniority as specified by Law 80 will apply to the non-contract employees in Puerto Rico only. Furthermore, since lay-offs are done on a local basis this order will have minimal effect on Eastern employees outside Puerto Rico.

■ Defendant also argues, again relying on the Labor Department Guidelines, that the exclusive remedy available in a Law 80 case is for severance pay and that declaratory relief is not appropriate. This argument applies only to Law 80 claims for wrongful discharge and is irrelevant to a Law 80 challenge to the employer's seniority policy.

Defendants have raised other arguments in support of their motion, all of which we find unpersuasive.

## IV. CONCLUSION

Defendant's motion for summary judgment is DENIED. Plaintiff's motion for summary judgment is GRANTED in so far as we declare Eastern's manner of calculating seniority for the purpose of lay-off in violation of Puerto Rico's Law 80.

WHEREFORE it is hereby ADJUDGED and DECREED that Eastern is to calculate the seniority of Manuel Rodríguez, Herminio Romero and Ramón Abreu in accordance with Puerto Rico's Law 80.

IT IS SO ORDERED.

---

8. It is noted that a growing number of jurisdictions consider a Company's detailed personnel policy to create an employment contract between the employee and employer. *See McCarthy v. Cycare Systems, Inc.,* No. 85 C 8183 (N.D.Il April 15, 1986) (available Westlaw, Allfed library, Dist File); *see also, Small v. Chemlawn Corp.,* 584 F.Supp. 690 (W.D.Mich.) *affd.,* 765 F.2d 146 (6th Cir.1985).

9. Were it not for the Introductory provision in Eastern's Policy Guide, this case would have presented a more difficult issue to resolve. It is possible that, without the provision the case would have followed *Coca Cola Bottling Co., supra,* where the Puerto Rico Supreme Court held that a super-seniority clause negotiated in a collective bargaining agreement prevailed over the seniority policy established in Law 80.