Jorge A. **VALLE**, Plaintiff,

v.

**J.C. PENNEY, INC.**, Defendant.

Civ. No. 87–1971CC.

United States District Court,
D. Puerto Rico.

Dec. 5, 1988.

As Amended Feb. 7, 1989.

Rossell Parrios–Amy, McConnell Valdes Kelley Sifre Griggs & Ruiz Suri, San Juan, P.R., for plaintiff.

Iván Pagán, Carolina, P.R., for defendant.

## OPINION AND ORDER

CEREZO, District Judge.

This is an action for damages arising from plaintiff's dismissal from his job by defendant, a private employer. Plaintiff, a citizen of Puerto Rico, worked as a salesman for defendant, a corporation organized under the laws of Delaware, having its

principal place of business in New York. He alleged in the complaint originally filed at the Superior Court of Puerto Rico, Carolina Par,[1] that he was dismissed without just cause. It was his contention that said alleged dismissal without just cause gave rise to a cause of action cognizable by federal courts since it amounted to a violation of the Constitution of the United States. His contention is stated at paragraph 3 of the complaint: "3. That in view of the Federal jurisprudence, his constitutional rights have been violated and damages are estimated in the amount of $125,424.00 (income in 18 years)."

Defendant removed the case to this Court under 28 U.S.C. Section 1441 insofar as the parties are of diverse citizenship and the matter in controversy exceeds the sum of $10,000.00, exclusive of interest and costs. 28 U.S.C. Section 1332. Defendant further stated that this Court also has jurisdiction since this is an action arising under the Constitution of the United States. 28 U.S.C. Section 1331. In its answer to the complaint defendant denied dismissing plaintiff without just cause. Instead, it stated that he was discharged with just cause and enumerated various instances that allegedly constitute sufficient cause for dismissal. Paragraph 1 of the Defenses, Amended Answer to the Complaint (docket entry 9), at p. 2.

At the initial scheduling conference held on April 6, 1988, defendant argued that Law 80 of May 30, 1976[2] provides the exclusive remedy in dismissal cases and pointed out the absence of state action under the Constitution of the United States. Defendant filed a Motion Requesting Summary Judgment and Memorandum in Support Thereof on September 30, 1988 (docket entry 13). It states as uncontested facts, arising from plaintiff's own deposition, that plaintiff was employed by defendant, a private employer, for an indefinite

period of time, and that its only claim was for the alleged unjustified dismissal.[3] Under these circumstances,[4] the remedy provided by Law 80 is exclusive. As noted by defendant, when the facts of the case do not reveal conduct actionable under the local tort statute, Article 1802 of the Civil Code,[5] which is independent or separate from the termination of employment, the remedy afforded by Law 80 has been construed as providing an exclusive legal remedy. *Rodriguez v. Eastern Air Lines, Inc.*, 816 F.2d 24, 27–28 (1st Cir.1987); *Vargas v. Royal Bank of Canada*, 604 F.Supp. 1036, 1039–40 (D.P.R.1985); *Rivera Lugo v. Matthew Bender & Co.*, 579 F.Supp. 638, 644 (D.P.R.1984) (citing *Rivera v. Security Nat. Life Ins. Co.*, 106 D.P.R. 517 (1977)).

Nevertheless, plaintiff stated at the initial scheduling conference that recent case law, in particular *Novosel v. Nationwide Ins. Co.*, 721 F.2d 894 (3rd Cir.1983), provided a basis for plaintiff's cause of action other than the remedy afforded by Law 80. As noted by defendant in its motion for summary judgment, this case revolves around a very different set of facts. Plaintiff's allegations in *Novosel* charged that the only reason for his discharge from employment was his refusal to participate in the lobbying efforts made by defendant before the Pennsylvania House of Representatives in the matter of that state's No-Fault Reform Act. There is no allegation in the complaint filed by Mr. Valle of infringement of constitutional rights other than stating that the dismissal was without just cause. Under these circumstances there is no need to consider plaintiff's contention. Moreover, he has accepted that *Novosel* does not afford him a federal cause of action, stating at page 2 of his Motion and Memorandum Requesting Judgment to Remand, filed on October 17,

---

1. Civil No. 87-3575(A).

2. 29 L.P.R.A. Sections 185a, *et seq.*

3. Statement of Uncontested Facts, and the relevant portions of plaintiff's deposition inlcuded as Exhibit A of the Motion Requesting Summary

Judgment and Memorandum in Support Thereof.

4. Paragraphs 1, 2, and 3 of the Statement of Uncontested Facts.

5. 31 L.P.R.A. Section 5141.

1988 (docket entry 14), that he "... will not quarrel with that."

Federal Rule of Civil Procedure 56(b) permits a party against whom a claim is asserted to move for a summary judgment in its favor as to all or as to any part thereof. Judgment shall be rendered forthwith if there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Federal Rule of Civil Procedure 56(c). Since there is no genuine issue of material fact as to the existence of a cause of action under the Constitution of the United States and the applicable law as to unjustified dismissals in employment at will situations in private industries being clear, summary judgment may issue. *Stepanischen v. Merchants Despatch Transportation Corp.,* 722 F.2d 922, 928 (1st Cir.1983); *Hahn v. Sargent,* 523 F.2d 461 (1st Cir. 1975).

Defendant stated at the initial scheduling conference that since there was no basis for a cause of action other than the one afforded by Law 80 and considering that the amount of damages is provided by the same statute, under the facts of the case the requisite jurisdictional amount would not be met. Nevertheless, no information was provided as to plaintiff's salary during his term of employment. Without this information, the Court is unable to determine whether defendant's contention may prosper. We note, however, that it did not raise the same in its dispositive motion. Instead, it requested that Law 80 "be held to provide the exclusive remedy in this case if plaintiff is successful in proving his allegations at trial."

Plaintiff requested that this case be remanded to the Superior Court stating that the case was removed improvidently since defendant knew "the lack of jurisdiction of the Federal Court because Law 80 provides an exclusive...." [6] The fact remains, however, that it was plaintiff who asserted a federal cause of action arising from the Constitution of the United States. Although "[i]t is often said that the jurisdiction of the federal courts over a properly removed action will not be defeated by later developments in the suit," [7] "[a] great many cases may be cited for the proposition that if federal jurisdiction on removal is doubtful, the case should be remanded." [8] The burden rests on defendant, the removing party, to establish that once it is held that the alleged federal cause of action is not supported by the facts of the case and that summary judgment as a matter of law should issue, the remaining count is one that properly may be entertained by the Court.

Accordingly, there being no issue of material fact and finding as a matter of law that under the facts of this case Law 80 provides the exclusive remedy, it is HEREBY ORDERED that plaintiff's allegation of violation of his constitutional and/or federal rights be and is HEREBY DISMISSED. Defendant shall provide, within ten (10) days after notice, the necessary information for the computation of the damages afforded by Law 80 if in the event of trial plaintiff were to prove his unjustified dismissal contention. Defendant is further ORDERED to address specifically, in law and under the facts of this case, plaintiff's request for remand within that same period of time.

SO ORDERED.

---

**6.** Paragraph 1 of the Motion and Memorandum Requesting Judgment to Remand.

**7.** See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, 2d Section 3739, at page 582 (1985 edition).

**8.** *Id.,* at p. 584.