Gloria **BAHAMUNDI** Plaintiff,

v.

**AMERICAN AIRLINES, INC.**
**Defendant.**

**No. Civ. 86–1549CC.**

United States District Court,
D. Puerto Rico.

Feb. 15, 1989.

Ramón L. Walker–Merino, Old San Juan, P.R., for plaintiff.

Pedro A. Delgado–Hernández, O'Neill & Borges, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

CEREZO, District Judge.

This is an action for damages based on wrongful discharge brought by plaintiff on October 2, 1986. Federal jurisdiction is invoked based on the diversity of citizenship between the parties, 28 U.S.C. Section 1332. The matter is before us on a Motion to Dismiss and/or Summary Judgment filed by defendant wherein it alleges that the statute on which plaintiff bases its claim was enacted after the facts occurred and thus no relief should be granted.

Plaintiff, Gloria Bahamundi, was an employee of Trans Air Caribbean since December 7, 1967. Following the merger of Trans Air with defendant, American Airlines, Inc., in March 1971, plaintiff became an employee of the latter. On April 29, 1986 she was dismissed from employment allegedly because of unsatisfactory performance. Ms. Bahamundi claims, however, that the discharge was without just cause, specifically because it was taken as retaliation for her participation as a witness in certain administrative and judicial proceedings being held when other discharged employees had brought their causes of action.

Defendant contends that the basis of Ms. Bahamundi's claim arises from Act No. 65 of July 3, 1986, 29 L.P.R.A. Section 185b, as amended. The Act provides in pertinent part that:

Neither will the collaboration with, or the expressions made by any employee before any administrative, judiciary or legislative forum in Puerto Rico with regard to his employer's business, be deemed as just cause for his discharge, provided said expressions are not character defamating nor constitute a revelation of privileged information.

Article 2 of the Act provides for its immediate effectiveness.

■ We agree with defendant's assertions concerning the non-retroactivity of the laws in Puerto Rico, and thus the non-application of Act No. 65 to this case, except where it is clear from the face of the statute that it will be applied retrospectively. Article 3 of the Civil Code of Puerto Rico, 31 L.P.R.A. Section 3; *Vázquez v. Morales*, 114 D.P.R. 822, 831 (1983). However, in her complaint plaintiff does not cite Act No. 65 as grounds for her cause of action. The fact that she alleges a claim similar to the cause of action established by Act No. 65 does not *ipso facto* signify that it is the basis of her claim and that it may not be a claim under the old Act. Act No. 80 of May 30, 1976, 29 L.P.R.A. Section 185b, prior to the 1986 amendment, establishes a cause of action for the employee who has been discharged "by mere whim or fancy of the employer or without cause related to the proper and normal operation of the establishment." The burden of proving just cause for the dismissal is on the employer. *Secretary of Labor v. I.T.T.*, 108 D.P.R. 536, 541 (1979).

■ Defendant avers that dismissal is warranted under Rule 12(h), Federal Rules of Civil Procedure, "for insufficiency in the jurisdictional amount involved." (See Motion to Dismiss and/or Summary Judgment, page 11, footnote 4.) American Airlines contends that, if Act No. 80 were to apply, plaintiff would be entitled to: (1) one month salary, and (2) the equivalent of one week salary for each year of service. 29 L.P.R.A. Section 185a. The total sum, defendant claims, is less than the amount required under 28 U.S.C. Section 1332 for this court to have jurisdiction.

Among the allegations in the complaint, plaintiff claims breach of contract and damages. Under Puerto Rico law, however,

she is impeded to bring these claims. This Court, following a ruling from the Supreme Court of Puerto Rico, has stated that:

> An employer shall not be amenable to suits for dismissals other than under Act No. 80 actions, unless he has incurred in some type of tortious conduct *separate* or *independent* from the termination of employment as such. (Emphasis ours.)

*Vargas v. Royal Bank of Canada*, 604 F.Supp. 1036, 1040 (D.P.R.1985) *citing Rivera v. Security National Life Ins. Co.*, 106 D.P.R. 517, 527 (1977). *See also Rodríguez v. Eastern Air Lines, Inc.*, 816 F.2d 24, 27–28 (1st Cir.1987); *Alvarado-Morales v. Digital Equipment Corp.*, 669 F.Supp. 1173, 1184 (D.P.R.1987). "In the cases of ordinary suspension from work without cause, no civil liability is imposed on the employer. He is merely under the obligation of paying ... one month's salary as indemnity." *Vargas, ante.*

Plaintiff argues that, under Puerto Rico law, retaliation for testimony in investigation had already been established as contrary to public policy prior to the plaintiff's discharge, and that suit for damages above and beyond that allowed under Act No. 80 was an authorized remedy under Puerto Rican law. Recognizing that the Minimum Wage Law of Puerto Rico, Law 96 of June 26, 1956, as amended (29 L.P.R.A. Sections 245, *et seq.*) and the Occupational Safety and Health Act of August 5, 1975 (29 L.P.R.A. Sections 361, *et seq.*), as cited by the plaintiff do include the provisions as argued, we point out that the remedies allowed under each of these laws are, by their very terms, applicable *only* to violations of the provisions of the corresponding law. The reason alleged for her discharge does not fall under either of these two laws. Plaintiff's argument that these laws show the existence of a public policy against retaliation for the kind of acts alleged herein, so that she should be entitled to greater damages than the applicable law

allowed, also fails. The legislature could have made the remedies allowed by Act 65 retroactive, but did not do so.

Under the formula established in Act No. 80, should it be found that she was unjustly dismissed, plaintiff would be entitled only to $9,500.00,[1] which is less than the jurisdictional amount required. 28 U.S.C. Section 1332. Pursuant to Rule 12(h), Federal Rules of Civil Procedure, the complaint is hereby DISMISSED.

SO ORDERED.

---

1. $24,000.00 − 12 = $2,000.00—one month's salary
$ 2,000.00 − 4 = $ 500.00—one week's salary
$ 500.00 × 15 years (1971–1986) = $7,500.00
$ 7,500.00 = $2,000.00 = $9,500—total amount recoverable