The **ASSOCIATED PRESS**, Plaintiff,

v.

**UNION DE PERIODISTAS**, Artes Graficas and Ramas Anexas Defendants.

**No. CIV. 02–1686(PG).**

United States District Court, D. Puerto Rico.

Dec. 12, 2003.

Jane A. Becker–Whitaker, Law Offices of Jane Becker Whitaker, PSC, Lidia Gonzalez–Figueroa, Munoz Boneta Gonzalez Arbona, Benitez & Peral, San Juan, PR, for Plaintiff.

Miguel Simonet–Sierra, Santurce, PR, for Defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Before this Court is Defendants' Motion for Summary Judgment in which they seek enforcement of an arbitration award[1] (Docket No. 7) and Plaintiff's Opposition to this Motion in which it seeks to vacate the arbitration award (Docket No. 13). Plaintiff Associated Press ("AP") seeks to vacate an arbitrator's award in favor of Mr. Hilario De Leon ("De Leon"), a member of Defendant Union de Periodistas y Artes Graficas y Raamas Anexas ("the Union").

## BACKGROUND

On October 29 and November 2, 2001, hearings were held regarding the dismissal

---

1. Issued by the Commonwealth of Puerto Rico Department of Labor and Human Resources Bureau of Conciliation and Arbitration

of Mr. Hilario de Leon from his position with the Associated Press. After both parties were given an opportunity to present evidence, the arbitrator ruled in favor of De Leon. The following is a summary of the facts as determined by the arbitrator: [2]

AP is a cooperative of news media owners engaged in the news service. Initially, transmission of the news to members was done through teletype. Around 1982, technological changes resulted in the elimination of teletype. All teletype operators were dismissed at this time with the exception of De Leon, who was retained and assigned duties of News Clerk. At all times, De Leon was the sole employee under this classification.

In addition to his work as News Clerk, De Leon always expressed his interest in reporting to the news editor. As a result, De Leon was permitted to request work as a reporter as long as he completed his News Clerk duties. From March 1994 until October 1999, De Leon was assigned to cover and report events from the Press Office at the Police Headquarters. De Leon never sought to be officially designated a reporter, instead maintaining the title of News Clerk. At the end of 2000, AP eliminated the position of News Clerk due to technological advances, and De Leon was dismissed.

At arbitration, De Leon argued that his dismissal violated the terms of the Collective Bargaining Agreement ("CBA") between AP and the Union, which went into effect February 15, 2000.[3] AP argued that

the dismissal of De Leon was pursuant to the CBA.[4]

The Union brought its grievance pursuant to Article VII ("Grievance–Arbitration Procedure") of the CBA which states:

> The decision of the arbitrator shall be final and binding on both parties. The arbitrator shall have no power to add to, ignore or modify any term of this agreement' the arbitrator's decision shall not go beyond what is necessary for the interpretation and application of this contract' and the arbitrator shall consider and decide only the particular issue(s) presented by the demand for arbitration or by the mutual agreement of the parties.

(Docket No. 13 Ex. A).

The following submission agreement was presented to the arbitrator:

> If Mr. Hilario de Leon's dismissal was justified or not pursuant to the Collective Bargaining Agreement and/or by not permitting him to exercise his right pursuant to Article VIII of the Collective Bargaining Agreement or if on the contrary, the Employer exercised its management rights contained in Article V of the Collective Bargaining Agreement.
>
> If it is not justified and in violation of the Collective Bargaining Agreement it is requested the Honorable Arbitrator decree the adequate remedy including the reinstatement in employment and back pay as well as any other benefit he failed to receive.

---

**2.** AP does not question any of the factual findings of the arbitrator. *See* (Docket No. 13).

**3.** Specifically, De Leon asserted that his dismissal violated Article VIII of the CBA ("Job Security"), which reads, "There shall be no dismissals or disciplinary suspensions except for just and sufficient cause..." Additionally, "In the case of a reduction of staff, the Com-

pany shall discharge employees in reverse order of their length of employment, subject to an employee's ability to perform the available job." (Docket No. 13 Ex. A)

**4.** AP argued that De Leon's dismissal was allowed pursuant to Article V ("Management Rights") of the CBA, which AP argued retains management rights to determine whether De Leon met the requirements of reporter.

(Docket No. 13 Ex. B).

The arbitrator concluded that the dismissal of De Leon was not justified and ordered that he be reinstated in a reporter's position and receive back pay. (Docket No. 13 Ex. B). AP then brought this action claiming the arbitrator's decision went beyond his jurisdiction.

### DISCUSSION

The rules regarding the limited authority of courts to intervene in the merits of labor arbitration awards are well-established in decisions of the Supreme Court. *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960)("The function of the court is very limited... [i]t is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract."). The First Circuit has also made it clear that courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretations of the contract. *See Bayamon Can Co., Inc. v. Congreso de Uniones Industriales de Puerto Rico,* 843 F.2d 65, 66 (1st Cir.1988)(citing *United Paperworkers Int'l Union v. Misco,Inc.,* 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987)).

As the Supreme Court explained, the parties have contracted to have disputes settled by an arbitrator of their choice rather than a judge, and "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Misco, Inc.,* 108 S.Ct. at 370–71. Further, a court should uphold the arbitrator's interpretation of the CBA if, within the four corners of the CBA, there is any plausible basis for that interpretation. *United Steelworkers,* 363 U.S. at 599, 80 S.Ct.

1358; *El Dorado Technical Services, Inc. v. Union General De Trabajadores de Puerto Rico,* 961 F.2d 317, 319 (1st Cir. 1992).

An arbitrator's decision, however, is not entitled to "carte blanche approval." *Larocque v. R.W.F., Inc.,* 8 F.3d 95, 96–97 (1st Cir.1993) (*quoting Dorado Beach Hotel Corp. v. Union De Trabajadores De La Industria Gastronomica Local 610,* 959 F.2d 2, 4 (1st Cir.1992)). The arbitrator may not ignore the CBA's plain language, and the award must "draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice." *Misco,* 484 U.S. at 38, 108 S.Ct. at 371; *Larocque,* 8 F.3d at 97; *Challenger Caribbean Corp. v. Union General de Trabajadores de Puerto Rico,* 903 F.2d 857, 861 (1st Cir.1990). However, a court may only intervene and vacate an arbitrator's award under exceptional circumstances after a party challenging the award establishes that the award was (1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact. *Wheelabrator Envirotech v. Massachusetts Laborers Dist. Council Local 1144,* 88 F.3d 40, 43–44 (1st Cir.1996)(quoting *Advest, Inc. v. McCarthy,* 914 F.2d 6, 8–9 (1st Cir.1990)). Consequently, the court must refuse to overturn an award unless the arbitrator acted in a manner for which neither side could have bargained. *Wheelabrator,* 88 F.3d at 44; *Local 1445 United Food & Commercial Int'l Union v. Stop & Shop Cos.,* 776 F.2d 19, 21 (1st Cir.1985).

AP argues that the arbitrator did not have sufficient jurisdiction to issue the award. This argument is without merit. Both the CBA and the arbitral submission authorized the arbitrator to determine if

142

there was just cause to dismiss De Leon. Furthermore, the arbitrator was authorized to determine an adequate remedy, including "the reinstatement in employment and back pay as well as any other benefit he failed to receive." (Docket No. 13 Ex. A). The arbitrator considered evidence presented by both sides, discussed the relevant portions of the CBA, and concluded that De Leon's termination was not justified. AP's arguments are insufficient to disturb the award.

 AP's arguments against the arbitrator's interpretation of the collective bargaining agreement are precisely the type a court should not entertain following an arbitration award. Neither party should be allowed to delay enforcement of an arbitration award by rehashing the same arguments that the arbitrator was specifically chosen to resolve. Parties' decisions to resort to arbitration rather than a court must be given proper consideration. Moreover, an arbitrator's view of the scope of the issue is entitled to the same deference accorded the arbitrator's interpretation of the CBA itself. *See El Dorado*, 961 F.2d at 321.

 Similarly, a court may not overrule the arbitrator's decision based on a variance in interpretation of just cause. *See United Steelworkers*, 363 U.S. at 599, 80 S.Ct. at 1362; *Labor Relations*, 29 F.3d at 745, *Dorado Beach Hotel*, 959 F.2d at 4. The arbitrator was acting within the scope of his authority and was arguably construing or applying the CBA when he determined that De Leon's dismissal violated the CBA. AP has not shown that the arbitrator's award was unfounded in reason and fact, was based on palpably faulty reasoning that no judge would ever conceivably make, nor mistakenly based on a crucial assumption which was concededly a non-fact. *See Wheelabrator*, 88 F.3d at 43–44. Consequently, its motion fails, and this Court will enforce the arbitration award.

### CONCLUSION

The submission to the arbitrator empowered the arbitrator to analyze the dismissal of De Leon in light of the CBA and to fashion a remedy in light of the surrounding circumstances. The award faithfully drew its essence from the CBA; thus, it represents neither an extension of the arbitrator's jurisdiction, nor an impermissible interpretation of the CBA.

WHEREFORE, the Court hereby **GRANTS** the Union's motion for summary judgment (Docket No. 12) and denies AP's motion for summary judgment (Docket No. 13). Thus, AP's request that the arbitrator's award be vacated is **DENIED** and the Union's request that the arbitration award be enforced is **GRANTED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**